[S. F. No. 3376.   In Bank.—October 12, 1905.]

HYMAN GREENBERG, Respondent, v. WESTERN TURF ASSOCIATION, Appellant.

ACTION FOR PENALTY—EJECTION FROM RACE COURSE—EMPLOYMENT OF EJECTORS — CONFLICTING EVIDENCE — QUESTION FOR JURY.—In an action to recover a statutory penalty for ejection by the defendant of plaintiff from a race course, after having presented a ticket of admission thereto, where the evidence was conflicting on the question whether the persons engaged in the ejection were employees of the defendant, or of a detective agent, as an independent contractor, the court properly refused to instruct the jury to find for the defendant, and submitted the matter to the jury for its determination.

ID.—CONSTITUTIONALITY OF STATUTE.—The statute under which the recovery was sought is constitutional and valid, and not in contravention of the fourteenth amendment to the constitution of the United States, nor of section 1 of the declaration of rights of the state constitution.

ID.—CHANGE OF COMMON LAW—POWER OF LEGISLATURE.—Such statute is not an unwarranted invasion of the rights of the defendant under the common law; but the power of the state legislature to pass the act is based upon the fundamental right of the state to change or modify the common law, and by statute to regulate the rights of citizens in respect to places of public amusement in the exercise of its police power.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.   John Hunt, Judge.

The facts are stated in the opinion of the court.

W. S. Goodfellow, Goodfellow & Eells, Charles F. Gardiner, and D. E. Alexander, for Appellant.

Sullivan & Sullivan, and E. C. Harrison, for Respondent.

HENSHAW, J.—This case is between the same parties and similar to that of *Greenberg* v. *Western Turf Association,* 140 Cal. 357, [73 Pac. 1050]. Plaintiff recovered judgment before a jury, and from that judgment and from an order refusing its motion for a new trial defendant appeals.

Defendant first complains of the court's refusal to instruct the jury to render a verdict in its favor; the contention herein being that upon the undisputed facts Green and Newman, who ejected the plaintiff, were not employees of the defendant, but of Mr. Morse, proprietor of the Morse Detective Agency, and that, as Morse was an independent contractor, the doctrine of *respondeat superior* should have been applied to him, and not to the defendant. The evidence, however, upon the question was conflicting, and the court properly submitted the matter for determination to the jury.

It is next contended that the act under which plaintiff sought his recovery is unconstitutional, and in this regard it is insisted that the construction put upon the act in *Greenberg* v. *Western Turf Association,* 140 Cal. 357, [73 Pac. 1050], is erroneous. Herein appellant contends that the statute is in contravention of the fourteenth amendment to the constitution of the United States and section 1 of the declaration of rights of the state constitution, and this court is asked to reconsider the construction which formerly was put upon the act. The argument of appellant in this respect seems to be that as at common law the purchaser of a ticket to a place of amusement held only a revocable license, and the proprietor of such a place of amusement could either refuse the holder of the ticket admission or eject him after admission, not being responsible in tort, but merely in contract for the price of the ticket and the necessary expenses incurred by the purchaser, no subsequent legislation by the state can modify this common-law rule, except in one particular, and that is, that the exclusion cannot be by way of race discrimination, and because of "race, color, or previous condition of servitude," and that, as the act in question is not designed

to meet this condition or to effectuate this end, it is an unwarranted invasion of the rights which the defendant enjoyed before the passage of the act under the rule as it existed at common law. If the right of state legislatures to pass an act such as this rested upon the proposition enunciated, the acts themselves would be of no value, for, as pointed out in the note to *McCrea* v. *Marsh*, 71 Am. Dec. 745, ''The states might pass such laws, but, if a ticket to a theater is but a revocable license, they would be of little effect, as, if the theater proprietor desired to exclude colored persons, he might do so merely by revoking the license, and it would be impossible to determine whether it was revoked by reason of 'race, color, or previous condition of servitude.' '' The truth of the matter is that the right of the state rests upon no such flimsy foundation. It is based upon its fundamental right, when not acting in contravention to its constitution or to the constitution of the United States, to modify the common law. As is said in Charge to Grand Jury, 1 Hughes, 541, [Fed. Cas. No. 18,258], ''A state has the constitutional and legislative power to change or modify the common law, and by statute establish and regulate the rights of its citizens to the enjoyment and benefit of inns, public conveyances, etc.'' As pointed out in Dillon on Municipal Corporations (4th ed., vol. 1, sec. 357), ''Charters not infrequently confer upon the corporation the power to 'license and regulate' or to 'license, regulate, and tax' certain vocations and employments, and to 'tax and restrain' or 'prohibit' exhibitions. shows, places of amusement, and the like, and, unless there is some specified limitation on the authority of the legislature in this respect, such provisions are constitutional.'' The state, in the exercise of its police power, has the unquestioned right to regulate these places of public amusement, and it is in the exercise of this power, and not at all as having to do with civil rights, that the act in question was upheld in 140 Cal. [and 73 Pac.], and its constitutionality is here again affirmed.

McFarland, J., Lorigan, J., Shaw, J., Angellotti, J., and Van Dyke, J., concurred.