[Civ. No. 326.   Second Appellate District.—December 31, 1906.]

J. P. GOYTINO, Petitioner, v. OWEN McALEER et al., Respondents.

MUNICIPAL ORDINANCE—REGULATION OF POOL-SELLING—POLICE POWER. The business of pool-selling cannot be said to be a useful employ- ment or business, nor can it be said that, as ordinarily conducted, it might not, within the limits of reasonable probability, be at- tended with uses injurious to public peace and morals; and it may be regulated by a municipal ordinance, under the police power of the city, authorizing the police commissioners to regulate or with- hold permits for pool-selling, as may be proper and necessary to maintain public order and promote public peace and morals, and the orderly conduct of such places.

ID.—POWER OF POLICE COMMISSIONERS—QUESTION OF FACT—CONCLU- SIVE DETERMINATION.—The board of police commissioners may exer- cise such power as has been conferred upon them by a valid city ordinance; and where it authorizes them to determine the question of fact, as to whatever of danger or menace to public interests is threatened by the establishment and conduct of such business at the place petitioned for, its determination against its establishment at such place is conclusive.

ID.—DISCRETION   NOT   UNRESTRICTED—MANDAMUS—PRESUMPTION   OF OFFICIAL DUTY.—An ordinance which contemplates the exercise of the discretion of the board of police commissioners in withholding a license for pool-selling only after the determination of certain facts on which its judgment is based, cannot be said to vest an

undefined and unrestricted discretion in the board. Its lawful discretion will not be interfered with upon *mandamus*, and in the absence of positive proof to the contrary, it will be assumed that its official duty has been properly and lawfully performed.

ID.—PLEA IN ABATEMENT—MANDAMUS PENDING IN SUPERIOR COURT.— The pendency of a prior action for a writ of mandate in the superior court between the same parties and for the same cause is a good plea in abatement to a suit for a writ of mandate in this court, and the decision of the superior court in denying the writ, where final, could be pleaded in bar of this action as a prior adjudication.

ID.—POSSIBILITY OF CHANGE OF BOARD.—The mere possibility of a change in the personnel of the board of police commissioners, before an appeal from the decision of the superior court could be heard, would afford no justification for the allowance of a writ by this court, as against the plea in abatement.

ID.—REMEDY BY APPEAL.—The legal remedy of the petitioner by way of an appeal from the judgment of the superior court, if entered against him, is a sufficient answer to the petition for the writ in this court, and constitutes of itself a sufficient ground for the denial of the writ in this court.

PETITION for writ of mandate to the Board of Police Commissioners of the City of Los Angeles.

The facts are stated in the opinion of the court.

Haas, Garrett & Dunnigan, for Petitioner.

W. B. Mathews, City Attorney, Leslie R. Hewitt, and John W. Shenk, for Respondents.

ALLEN, J.—This is a proceeding in *mandamus* to compel the respondents, the board of police commissioners of the city of Los Angeles, to issue a permit authorizing the city clerk to issue to petitioner a license, upon the payment of the legal fee therefor, to carry on and conduct a poolroom and pool-tables at a certain street number in said city.

It appears from the conceded facts set out in the petition and return that an ordinance is in force in said city making it unlawful to carry on certain kinds of business in said city without first procuring a license so to do, and among the kinds of business so specified is that of conducting poolrooms

and operating pool-tables. It is further ordained that no license to carry on certain kinds of business, among which is that of conducting a poolroom or operating a pool-table, shall issue, except a permit therefor be first had from the board of police commissioners; and that said board can only issue such permits upon petition of the party intending to operate the same, accompanied by consent of a majority of the property owners within the block where the permit is sought. It is further provided by section 3 of said ordinance, that said board is empowered to make such rules and regulations for the granting of permits as may be proper or necessary for the maintenance of public order, the promotion of public morals and the orderly conduct of such places, or the better enforcement of the provisions of the ordinance.

Petitioner's application for a license was denied by the board for the reason that the place mentioned in said application is located in a part of the city inhabited by a class of people which would render a poolroom, if established there, a resort for dissolute and objectionable persons, and in the judgment of the board the issuance of such permit would injuriously affect public health, peace and morals. Petitioner does not question the legality of the ordinance or ordinances in any regard, save as to the provisions of section 3 thereof, and as to which he contends that the power of regulation therein contained gives the right to prohibit certain kinds of business which he claims cannot be exercised except in relation to nuisances *per se.* "The power to regulate or prohibit . . . not only includes nuisances, but extends to everything 'expedient for the preservation of the public health and the prevention of contagious diseases.'" (*Ex parte Shrader,* 33 Cal. 284), and to which may be added, that it extends to everything expedient for the promotion of public morals, welfare, or safety. It is only when a business is lawful and has no injurious tendency that the governing body cannot say who shall and who shall not exercise the right itself. (*County of Los Angeles* v. *Hollywood Cemetery Assn.,* 124 Cal. 344, [71 Am. St. Rep. 75, 57 Pac. 153].) The business of conducting a pool-table cannot be said to be useful employment or business. Nor can it be said that as ordinarily, if not invariably, conducted, such business might not within the limits of reasonable probability be attended with uses injurious to public

4 Cal. App.—42

peace and morals. Whatever of danger or menace to such public interests is threatened by the establishment and conduct of such business is a question of fact which the ordinance authorizes the board of police commissioners to determine. (*Ex parte Shrader*, 33 Cal. 284.) Such determination is conclusive. (*Ex parte Lacey*, 108 Cal. 329, [49 Am. St. Rep. 93, 41 Pac. 411 ].)

Petitioner further claims that the ordinance is invalid because it vests an undefined and unrestricted discretion in a board. This cannot well be said of an ordinance which contemplates an exercise of discretion only after determining certain facts upon which their judgment is based; for all regulations and rules of the board authorized by the ordinance are required to be directed to questions of public safety, health and morals. The power to exercise the discretion reposed in the board by the ordinance is uniform as to all persons who may apply for a license to engage in that particular business, and it is the effect of that business in the locality which determines its tendency as affecting the subjects of police regulation. It needs no argument to establish the proposition that a public place of amusement, or any other place conducted as an inducement for the assemblage of a crowd of people, may be kept or maintained in certain localities under such circumstances as to render the same dangerous to the public safety. The safety of the people is the supreme law and justifies legislation pertaining to the public welfare, health and morals. (*Ex parte Drexel*, 147 Cal. 766, [82 Pac. 429].) The city council of Los Angeles by its charter has full power to pass ordinances upon any subject of municipal control. The board of police commissioners have such power as is granted or imposed by ordinance. "In the government of the affairs of a great municipality, many powers must, necessarily, be confided to the discretion of its administrative officers, and it can be productive only of mischief, in the treatment of such questions, to substitute the discretion of strangers to the power, in place of that of the officers best acquainted with the necessities of the case, and to whom the legislature has specially confided their exercise." (*People* v. *Grant*, 126 N. Y. 476, [27 N. E. 967].) The ordinance under consideration does not undertake to declare the keeping of a pool-table a nuisance. It simply by fair inference declares that if in certain places,

under certain circumstances, such poolroom is conducted in a manner injurious to public morals or safety, it becomes a nuisance, and it leaves to the board of police commissioners discretion to determine whether the establishment of such place of amusement and assemblage in a certain district, with certain surroundings, is or is not a menace to public safety. If they determine that it is, then, and only then, can they refuse a permit, if other conditions are complied with. In addition to this, the other sections of the ordinance which denounce the issuance of a license without permission therefor shall first be given by the board of police commissioners, contemplate an inquiry by the board as to the character of the permit; for it would be an idle thing to say that a board should issue a permit were they given no power to determine the circumstances and necessities of the case where the permit was claimed. The board of police commissioners, as its name implies, has in charge the police regulations of the city, and in the absence of section 3 of the ordinance, they might well withhold a permit when in the exercise of reasonable discretion they are convinced that the issuance thereof would injure public health, morals, or safety. No question of unwarranted interference with private business is here presented, as was the case in all of the cases cited by petitioner; but here the only attempt appears to be to confine the business of poolrooms and places of that ilk to such restrictions and burdens as are necessary to prevent the infliction of public injury.

Holding as we do the right of the city under the charter to enact the ordinance under consideration, a court will not interfere with the discretion reposed in a proper board or tribunal, but will assume that official duty has been properly and lawfully performed, in the absence of positive proof to the contrary.

In addition to what has heretofore been said, this writ should be denied upon another ground. The return and answer of respondents show. and its truth is admitted, that there is another action pending between the same parties for the same cause. This constitutes a good defense under sections 430 and 433 of the Code of Civil Procedure by way of a plea in abatement. This court and the superior court have concurrent jurisdiction in proceedings in *mandamus*. The return and answer of respondents show that heretofore petitioner commenced

an action in the superior court of Los Angeles county, wherein the respondents to this proceeding were respondents; that the petition so filed in said court is identical in language with the petition in this case; that the answer therein filed by the respondents is the same in all respects other than as to the special plea in abatement; that the superior court proceeded to the trial of said action upon the merits and denied the writ, ordering findings and judgment for the defendants. The identity of the subject matter of the two suits cannot be questioned. A judgment in the proceedings in the superior court, when final, could be pleaded in bar of this action as a prior adjudication (*McCormick* v. *Gross,* 135 Cal. 305, [67 Pac. 766]), and were it conceded that petitioner's application possessed merit, his legal remedy by way of an appeal from the judgment of the superior court, when the same is entered, is a sufficient answer to this petition and constitutes of itself sufficient grounds for the denial of the writ, and the mere possibility of a change in the *personnel* of the board of police commissioners before an appeal could be heard would afford no justification for the allowance of the writ by this court.

Writ of mandate denied.

Gray, P. J., and Smith, J., concurred.