[Crim. No. 81.  Second Appellate District.—February 5, 1908.]

Ex Parte JOSEPH MEYERS on Habeas Corpus.

MUNICIPAL CORPORATIONS—POLICE POWER—ORDINANCE REGULATING VISITS IN BILLIARD AND POOL ROOMS—CONSTRUCTION OF PENAL CODE.—A municipal ordinance prohibiting minors from visiting public billiard and pool rooms, and the suffering and permitting of them to enter, visit, be and remain therein, is a proper exercise of the police power, whether a public billiard or pool room is *per se* an immoral place or not, and a penalty imposed therein cannot conflict with 273f of the Penal Code, directed at employers or parents sending minors under eighteen years of age to saloons, gambling-houses, houses of prostitution and other immoral places, nor with 397b of that code, relative to the selling of liquor to minors under the age of eighteen, and permitting them to visit saloons or public houses where liquors are sold.

ID.—HABEAS CORPUS—DEFENSE NOT TRIABLE UNDER PETITION FOR WRIT—PRESUMPTION.—The writ of *habeas corpus* cannot be used to try a case in the police court in the first instance. The fact that the petition for the writ shows a full defense to the charge made in the complaint in such court, against the keeper of a billiard and pool room, for allowing a minor to be and remain therein, that such minor was a law clerk in the office of an attorney, who sent him there solely to procure a signature by the keeper to a legal document, who merely allowed the minor to remain therein while he read and signed the same, does not constitute a ground for discharge of the keeper upon *habeas corpus;* but such defense must be tried in the police court, which is expected to, and it must be presumed will, enforce the law only against those who have broken it in spirit.

PETITION for writ of *habeas corpus* to the Chief of Police of the City of Los Angeles.

The facts are stated in the opinion of the court.

E. C. Bower, and H. C. Millsap, for Petitioner.

THE COURT.—Petition for writ of *habeas corpus.* Petitioner is the proprietor of a billiard and pool room in the city of Los Angeles, and was arrested by the chief of police of that city upon a charge of violating section 2 of ordinance 9671, entitled, an "Ordinance prohibiting minors from visiting gambling-houses, public billiard and pool rooms, houses of ill-fame, or retail liquor establishments." As disclosed by the petition, the complaint, upon which the warrant of arrest was based, charges the applicant with suffering and permitting K. C. Oliver, a person of the age of twenty years (under the age of twenty-one years) to be in, remain in, enter and visit the billiard and pool room conducted by him.

The petition sets out that K. C. Oliver was a law clerk in the office of H. C. Millsap, an attorney at law. That said Millsap desired the petitioner to sign a document which had been prepared for his signature and sent Oliver as a messenger to take the paper to Meyers, and that the latter suffered and permitted Oliver to remain in his said place of business while he read and signed the said document.

The ordinance is claimed to be illegal and void because (1) in conflict with the provisions of sections 273f and 397b of the Penal Code, and (2) that it is unconstitutional so far as it attempts to prohibit a minor under the age of twenty-one from visiting a billiard or pool room.

An examination of the ordinance and sections of the code cited discloses that the last-named section of the code (397b) relates to the selling of liquor to minors under the age of eighteen years and permitting them to *visit* saloons or public houses *where liquors are sold;* hence, does not in any manner affect the question of frequenting billiard-rooms. Section 273f is directed at employers or parents *sending* minors under the age of eighteen years to saloons, gambling-houses,

7 Cal. App.—34

houses of prostitution and other *immoral* places. This is to be distinguished from the charge here, which is not the *sending* of the minor to the place, but the *permitting him to remain* that constitutes the offense. Another section of the ordinance appears to deal with the *sending,* which is limited to minors under the age of twenty-one years, but we are only concerned with the complaint before us when considering the conflict of the Penal Code with the ordinance.

Under the ground of the unconstitutionality of the ordinance, it is urged that a public billiard or pool room is not *per se* an immoral place, and therefore the regulation of its visitors is not a matter as to which the police powers of the municipality can be exercised.

We do not agree with the view that the right to exercise the police power depends upon the question of the morality of the action or conduct regulated. The erection of wooden buildings within the fire limits is not a moral question, neither is the speeding of vehicles through the streets, nor the calling out of wares on the street, nor the exercise of many other pursuits or means "of obtaining liberty and happiness" which are prohibited or regulated within the limits of every well-conducted municipality. All of these regulations are referable to the police power.

That a billiard-hall is immoral *per se* because it is public will hardly be contended by anyone; that it may become such by the presence of the professional billiardist and gambler ready to fleece the unwary and to inculcate the gambling habit in the youth of the city must be admitted. Freed from these influences, there can be no greater objection to them than to any other place of amusement. Indeed, it is quite probable that they often supply a resort and occupation for those who otherwise would visit places about whose immorality no question exists.

In denying this writ, however, we are not called upon to determine whether or not the regulation of the billiard-hall and the prohibition of minor visitors to them should be limited to such places as are open to the objections mentioned in order to be sustained by the courts. Each case presented must stand upon its own facts. It is apparent from the petition here that the applicant, if able to support his statement of the reasons why the minor was "remaining in" his place of business, has a full and complete defense to the charge.

Police courts are expected to, and it must be presumed will, enforce the law only against those who have broken it in spirit. The reasons given, if true and presented to the trial court, will render it unnecessary for this court to establish a precedent of trying police court cases in the first instance.

Writ denied.