[Civ. No. 671.  Second Appellate District.—May 27, 1909.]

## J. P. GOYTINO, Appellant, v. OWEN McALEER et al., Constituting the Board of Police Commissioners of the City of Los Angeles, Respondents.

MANDAMUS—LICENSE FOR POOLROOM UNDER CITY ORDINANCE—DISCRETION OF POLICE COMMISSIONER—IMPROPER PLACE.—*Mandamus* will not lie to compel the issuance of a license for a poolroom, under a city ordinance, where it appears that the application therefor was considered in open session of the board of police commissioners, and denied on the ground that the place named therein was located in a part of the city inhabited by a class of people which would render a poolroom, if established therein, a place of resort for disorderly and objectionable persons, and would, in the judgment of the board, tend to the disturbance of the public peace, and to render the preservation of order in said locality difficult.

ID.—POOLROOM NOT A USEFUL BUSINESS.—A poolroom cannot be classed as a "useful business enterprise," which has no injurious tendency, so as to prevent the governing body from saying who shall and who shall not exercise the right thereto.

ID.—LEGITIMATE DISCRETION OF POLICE COMMISSIONERS.—Conceding that the police commissioners cannot exercise an arbitrary discretion to refuse a poolroom license, yet the reasons assigned for refusing it in the present case showed a proper and legitimate exercise of its discretion to deny the license in the locality for which it was asked.

APPEAL from a judgment of the Superior Court of Los Angeles County denying an application for a writ of mandate.  Chas. Monroe, Judge.

The facts are stated in the opinion of the court.

Haas, Garrett & Dunnigan, for Appellant.

Leslie R. Hewitt, City Attorney, and John W. Shenk, Assistant District Attorney, for Respondents.

TAGGART, J.—Appeal from a judgment denying an application for a writ of mandate.

The writ was asked to issue against the defendants, as the board of police commissioners of the city of Los Angeles, to compel them to issue to the plaintiff a permit authorizing the clerk and auditor of the city to issue to plaintiff a license to

conduct a poolroom in that city, he having made an application therefor in accordance with the provisions of the ordinance of the city relating thereto.

The answer alleges, and the trial court found, that the application was considered in open session of the board and denied on the ground that the place named therein was located in a part of the city inhabited by a class of people which would render a poolroom, if established therein, a place of resort for disorderly and objectionable persons; and that a poolroom in said locality, being populated by cholos and other people of like or similar character, would, in the judgment of the board, tend to the disturbance of the public peace and to render the preservation of order in said locality difficult.

This same matter was before this court on an original application for a writ of mandate in civil case No. 326, a decision in which was filed December 31, 1906, and is reported in 4 Cal. App. 655, [88 Pac. 991], the writ being denied. As one of the reasons given for denying the writ, it was said that petitioner had a remedy by appeal from the judgment of the superior court, if the writ should be denied by that court, and the proceeding was, in accordance with the suggestion in the opinion, prosecuted to a judgment in the superior court, and is now before us on appeal. With the reasons stated in the opinion filed on the former application we are entirely satisfied, and think they fully answer all the questions here presented.

In the federal case cited by appellant (*Dobbins* v. *Los Angeles,* 195 U. S. 223, [25 Sup. Ct. 18]), the distinction between ordinances which regulate "useful business enterprises" and those which are not to be so classified is expressly recognized, and the law of that case is made applicable only where a "useful" enterprise or business is under consideration. It is only where a business is lawful and has no injurious tendency that the governing body cannot say who shall and who shall not exercise the right itself. (*Los Angeles* v. *Hollywood etc.,* 124 Cal. 344, [71 Am. St. Rep. 75, 57 Pac. 153].)

Public billiard-halls and poolrooms have been distinctly classified by this court as among those which cannot lay claim to being within the rule applicable to "useful" enterprises, in two decisions filed since the former opinion in the controversy before us was filed. (*Ex parte Meyers,* 7 Cal. App.

528, [94 Pac. 870] ; *Ex parte Murphy,* 8 Cal. App. 440, [97 Pac. 199]) ; and the views expressed in the latter case are approved by the supreme court in an application for a writ of *habeas corpus* made to it in the same matter. (*In re Murphy,* 155 Cal. 322, [100 Pac. 1134].)

Conceding that no arbitrary discretion can be exercised by the board of police commissioners in applying the ordinance in question, the reasons assigned by the answer for denying the application for a license were exactly such as should actuate a police department in denying a permit or license to keep a place of amusement which is liable to become the scene of disorderly conduct and disturbances of the peace. It cannot be urged that, though the ordinance be fair and lawful in its terms and provisions, it was so enforced as to work a discrimination against a part of the community or some particular member or members thereof, *for no lawful reasons.* (*Yick Wo* v. *Hopkins,* 118 U. S. 356, [6 Sup. Ct. 1064] ; *Dobbins* v. *Los Angeles,* 195 U. S. 223, 240, [25 Sup. Ct. 18].)

We are of opinion that the writ was properly denied by the superior court, and its judgment is affirmed.

Allen, P. J., and Shaw, J., concurred.