[Crim. No. 121. Second Appellate District.—October 4, 1909.]

## THE PEOPLE, Respondent, v. GEORGE McKEEHAN, Appellant.

CRIMINAL LAW—ASSAULT WITH DEADLY WEAPON—ATTEMPT TO EXPEL POLICE OFFICER BY KEEPER OF POOL AND BILLIARD HALL—POLICE REGULATION.—Pool and billiard halls are the subjects of regulation under the police power of the state; and a constable as a police officer has the right to keep such places under his supervision, and may lawfully enter and remain to ascertain whether the law is being violated by sales of liquor to drunken men found therein. While he is lawfully therein, the keeper thereof has no right to expel him by force, and cannot justify an assault upon him with a deadly weapon for that purpose.

ID.—RIGHT OF EXPULSION AT COMMON LAW INAPPLICABLE.—The common-law doctrine as to the right of a manager of such a place

to eject a person (and particularly an officer of the peace) from his premises at his own pleasure, is not the law of this state.

ID.—INSTRUCTION—RIGHT OF POLICE OFFICER TO REMAIN AFTER ORDER TO LEAVE.—The court properly instructed the jury as to the right of the police officer to remain in the billiard-hall after he was ordered to leave the same.

ID.—FAILURE OF COURT TO ADMONISH JURY FULLY—INJURY NOT APPEARING—PREJUDICE NOT PRESUMED.—The failure of the court to admonish the jury fully at two adjournments, under section 1122 of the Penal Code, will not be presumed to be prejudicial error where no injury to the defendant appears to have resulted therefrom, and it does not appear that the jury was not fully instructed at all other adjournments.

ID.—MISCONDUCT OF DISTRICT ATTORNEY—COMMENT ON TESTIMONY PRIOR TO CROSS-EXAMINATION—MATTER OF ARGUMENT.—There was no reversible misconduct of the district attorney in alluding to the testimony of a witness for the defendant, at the close of the examination in chief, and prior to cross-examination, as matter of argument, that he is making "a plausible story." Such comment, though improper while the witness was testifying, yet is not, under the circumstances appearing, sufficient to justify the setting aside of a verdict or a reversal of the judgment.

ID.—ALLEGED ERRORS IN EVIDENCE—EXCEPTIONS NOT RESERVED—REVIEW UPON APPEAL.—Alleged errors in evidence to which no exceptions were reserved, and which are not included in the amendment of section 1259 of the Penal Code as amended in 1909, cannot be reviewed upon appeal.

ID.—EVIDENCE OF PRIOR RAID—MOTIVE FOR ASSAULT—CROSS-EXAMINATION—RAIDS UPON OTHER PERSONS—RE-EXAMINATION—NOTICE TO ABATE NUISANCE.—The court properly allowed the prosecution to show a prior raid upon the same place by the police officer in search for intoxicating liquors which were found upon the premises and lawfully destroyed, as tending to show a motive for the assault, and where after cross-examination as to such raid, and also as to raids upon other persons, it was not prejudicial error to allow the prosecution upon re-examination to show that the police officer notified the defendant to abate the nuisance upon his premises.

ID.—IMPROPER CROSS-EXAMINATION OF DEFENDANT'S WITNESS AS TO OTHER RAIDS—HARMLESS ERROR.—An improper cross-examination by the prosecuting attorney of defendant's brother, who explained the first raid, as to other raids, being the same as to which the police officer was cross-examined by defendant, was not prejudicially erroneous, and was harmless to the defendant.

ID.—APPEAL—REVIEW LIMITED TO PREJUDICIAL ERRORS.—Courts of appeal sit to review such errors of the trial court and misconduct of the prevailing party as prejudice the rights of the appellant,

and not to set aside verdicts or reverse judgments merely because some error has been committed upon the trial.

ID.—INTRODUCTION OF IMPROPER MATTER BY DEFENDANT AND PLAINTIFF—QUESTION OF PREJUDICIAL ERROR.—Conceding that the introduction of improper matter into a case by the defendant does not justify the court in permitting the district attorney to pursue the same line on cross or redirect examination, or estop the defendant from objecting to the same, nevertheless the fact that the defendant has already called the same matter to the attention of the jury will be considered in determining whether or not the error committed at the request of the district attorney is or is not prejudicial to the defendant.

ID.—DEFENDANT NOT PREJUDICED.—*Held,* that defendant was not prejudiced by the showing by both parties that the police officer had found "booze" on other premises, nor by the fact that the police officer had before served a notice on defendant relative to abating the nuisance at the pool and billiard hall, which tended to show that his presence there at the time of the assault was in pursuance of his duties, and that he was not then a trespasser.

APPEAL from a judgment of the Superior Court of Imperial County, and from an order denying a new trial. Franklin J. Cole, Judge.

The facts are stated in the opinion of the court.

Conkling & Brown, for Appellant.

U. S. Webb, Attorney General, and George Beebe, Deputy Attorney General, for Respondent.

TAGGART, J.—Information for assault with a deadly weapon with intent to commit murder. Verdict of assault with a deadly weapon. Appeal from judgment and order denying defendant's motion for a new trial.

Defendant was the keeper of a pool and billiard hall, and the complaining witness, Martin, was at the time of the occurrence upon which the charge is based a constable at Brawley, in the county of Imperial, where the billiard-hall was located. About two weeks prior to the trouble between them Martin raided the premises mentioned in search of "booze," as he testified, at which time he destroyed some bottles, as to the contents of which the respective parties disagree. At that time the brother of defendant, who was the

owner of the place, told Martin "he wasn't wanted in the place and for him to get out and stay out." On the evening of the affray here in question Martin was sitting in the hall watching a game of pool, when defendant asked him "if he had any particular business there," and said "if he had not he had better get out while he could." Martin told defendant to bring on his gun, to which defendant replied that he didn't need any gun for such people. Martin did not leave, but sent a friend to get his revolver for him. Some minutes thereafter, without any further conversation, defendant approached Martin, who was sitting quietly in a chair, and attempted to strike him over the head with a heavy billiard cue. Martin warded off the blows, first with his arm and later with a chair. At last he took refuge under a table, where he drew his gun and prepared to use it, when someone else placed the defendant under arrest.

A reversal of the judgment is asked upon the grounds: (1) That the court erred in admitting certain evidence as to the raid made by Martin two weeks before; (2) that certain comments made by the district attorney during the trial were misconduct prejudicial to the defendant; (3) that the court did not properly admonish the jury at two of the adjournments taken during the trial; and (4) that the court erred in its statement of the law, relative to Martin's right to remain in the billiard-hall after being ordered to leave by the defendant, in its instructions to the jury.

Places of amusement carried on for profit are *quasi* public in character, and the particular business here in question was one as to which it has been declared competent for the legislative branch of the government, in the exercise of its police power, to regulate or prohibit as the exigencies of the community may require. (*Ex parte Murphy*, 8 Cal. App. 440, [97 Pac. 199]; *Ex parte Meyers*, 7 Cal. App. 528, [94 Pac. 870].) It was the right, if not the duty, of Martin as a police officer to keep all places of this kind within his township under supervision, and whenever he had reason to suppose the law was being violated therein, to enter and remain so long as was reasonably necessary to ascertain whether or not "the drunken men whom he saw in the place" procured their liquor there. (*Pon* v. *Wittman*, 147 Cal. 280, [81 Pac. 984].) The common-law doctrine as to the

right of a manager of such a place to eject a person (and particularly an officer of the peace) from his premises at his own pleasure, as declared in *Burton* v. *Scherpf,* 1 Allen (83 Mass.), 133, [79 Am. Dec. 717], is not the law of this state. (*Greenberg* v. *Western Turf Assn.,* 140 Cal. 357, [73 Pac. 1050], reaffirmed 148 Cal. 126, 128, [113 Am. St. Rep. 216, 82 Pac. 684].) The court did not err in giving the instruction complained of.

The failure of the court to admonish the jury under section 1122 of the Penal Code is not necessarily reversible error. While the section should have been, and always ought to be, strictly complied with, yet if no injury appears to have resulted from an omission to do so, prejudice will not be presumed. (*People* v. *Thompson,* 84 Cal. 606, [24 Pac. 384]; *People* v. *Coyne,* 116 Cal. 295, [48 Pac. 218].) In the case at bar the error complained of was the failure to give the language of the section in full at two adjournments. It does not appear that it was not given at other adjournments, or that there were no other adjournments at which it may be presumed it was given.

The language of the district attorney, the use of which is assigned as error, is not beyond that which is permissible as a matter of argument. The comment as to the testimony of a witness for the defendant, that the witness is "making a plausible story," is improper while the witness is testifying, but is not, or at least was not, under the circumstances here, sufficient to justify the setting aside of a verdict or a reversal of the judgment.

Some of the alleged errors assigned in connection with the admission of evidence as to the raid made by Martin two weeks prior to the date of the trouble cannot be considered, as no exceptions were preserved to the rulings of the court in relation thereto. Prior to the amendment of section 1259 of the Penal Code in 1909 [Stats. 1909, p. 1088] this was necessary. (*People* v. *Miller,* 122 Cal. 93, [54 Pac. 523].) There are others, however, as to which exceptions were properly preserved. Defendant's brother, the proprietor of the billiard-hall, was called as a witness for defendant, and on his direct examination gave his version of a raid or search for liquors made by Martin two weeks before, to the effect that Martin had forcibly entered some rear rooms on the witness' premises and de-

stroyed some bottles of cherry cider or grape juice, but that he found no "booze." On cross-examination the witness was asked by the district attorney: "Q. On this raid that you speak of, or this search, did he search any other premises?" This question was objected to generally and on the ground that it was not proper cross-examination, and the court overruled the objection and an exception was noted. The answer was, "He did." He was then asked: "Did he find any booze?" to which question a general objection was interposed and the witness answered, "He did," before the court ruled. Defendant moved the answer be stricken out, without assigning grounds of motion, and the court denied it, an exception being preserved. The witness testified that Martin broke up and destroyed the booze, and was then asked the question: "I will ask you if you had any notice served on you by the constable, Martin, five days or any other number of days prior, relative to this booze question?" An objection to this was overruled and an exception taken, and the witness answered: "I can't say that it had; I received a paper, but I don't know whether it would be considered a notice served."

This same matter had been gone into by the defendant on his cross-examination of Martin earlier in the trial and the statement made by defendant's counsel in one of his questions to Martin: "You are talking about some other place. You are willing to break into other people's places, aren't you?" Upon redirect examination of this witness, over the objection of defendant, the district attorney was permitted to show that Martin "had served notice on this defendant, proprietor of this pool-hall, relative to abating the nuisance carried on there." All of these exceptions are presented as error.

The evidence relating to the prior occurrence seems to have been introduced by the people for the purpose of showing that there was a motive for defendant's attack upon Martin. A proper question was propounded by the district attorney to which an objection was made by the defendant, and the answer given was, that the witness "went in to search the place and poured out some booze and whisky." No motion was made to strike this answer out, and on cross-examination defendant elicited Martin's story of the raid in detail, and finally made the declaration as to Martin's "breaking into

other places'' above mentioned. Under the circumstances of this case we are unable to say that the defendant was prejudiced by any act of the district attorney or the court in its rulings in relation to this evidence. Courts of appeal sit to review such errors of the trial court and misconduct of the prevailing party as prejudice the rights of the party claiming to be aggrieved, and not to set aside verdicts or reverse judgments merely because some error has been committed upon the trial.

Conceding that the introduction of improper matter into a case by the defendant does not justify the court in permitting a district attorney to pursue this same line of examination on cross or redirect examination, or estop the defendant from objecting to such cross or redirect examination, as the case may be, nevertheless, the fact that the defendant has already called the same matter to the attention of the jury will be considered in determining whether or not the error committed at the request of the district attorney is or is not prejudicial to the defendant. So considering the rulings excepted to, we are unable to see how the defendant was prejudiced by the showing that Martin had found ''booze'' on other premises and destroyed it, while the fact that he had served a notice on defendant relative to abating a nuisance carried on at the pool-hall can hardly be deemed to have been prejudicial. The latter tended in some degree to show that Martin's presence in the pool-hall was in pursuance of his official duties, and to negative the theory of defendant that he was a trespasser.

No prejudicial error appearing in the record, we have not considered the objection of the attorney general that the appeal from the order denying the motion is not before us, but from an examination and consideration of the entire record, the judgment and order are both affirmed.

Allen, P. J., and Shaw, J., concurred.