# CHARLESTON.

STATE *ex rel.* L. W. BAYLOR *v.* THE CITY OF HINTON *et al.*

(No. 6748)

Submitted November 12, 1930.   Decided November 18, 1930.

*P. J. Carr* and *E. C. Eagle,* for plaintiffs in error.
*W. H. Sawyers* and *Carl C. Sanders,* for defendant in error.

WOODS, JUDGE:

This writ is prosecuted from a judgment of the circuit court of Summers County directing the issuance of a peremptory writ of mandamus, commanding the City of Hinton, a corporation, and Hume K. Nolan, city manager, to issue a license to petitioner, L. W. Baylor, to conduct, manage and operate a pool and billard room within the corporate limits of said city.

The answer and return to the alternative writ sets up, among other things, the fact that it was the policy of the city to prohibit pool rooms. This fact was not denied in the special reply. The several affidavits regarding applicant's fitness, supporting the answer and return, were suppressed by the court on the ground that the same had not been considered by the counsel at the time of the refusal of the license, and the peremptory writ issued under authority of *Hardman* v. *Town of Glenville,*

102 W. Va. 94, 134 S. E. 467, 53 A. L. R. 146. So the question here is whether or not the governing body of said city may, in the interest of public morals, maintain the policy of rejecting all applications for pool room licenses.

''By chapter 143, Acts 1921, the council of a city, town or village is given 'plenary power and authority therein * * * to license, or prohibit,. the operation of pool and billiard rooms, and maintaining for hire of pool and billiard tables, and in event any such business is licensed * * * to make and enforce reasonable ordinances regulating the same.' Sections 35 and 35a, chapter 109 of said acts (amending Code, c. 32), read together, also confer upon the municipal governing body exclusive jurisdiction in the granting of pool room licenses where the business is to be conducted in a city, town or village.'' *Flanagan* v. *Town of Petersburg*, 108 W. Va. 11, 150 S. E. 382. And the charter of the City of Hinton is declaratory of the general law. Section 24, chapter 1, Municipal Charters 1927.

Section 28, chapter 143, Acts 1921, quoted above seems to have been robbed of some of its intended force in the case of *Hardman* v. *Town of Glenville, supra,* on the assumption that the operation of a pool room is a lawful business and cannot be constitutionally prohibited. While not expressly overruling the *Hardman* case, the Court in *Flanagan* v. *Town of Petersburg, supra,* pointed out that such a construction is not warranted under the general law, and that the cases relied on are not authority for the position there taken. As stated in that opinion: ''The authorities, generally, hold that, because of its nonuseful character and harmful tendency, the business of operating pool or billiard rooms may be prohibited by the legislature in the exercise of its police power. 6 R. C. L. 207, 208, 220; Ann. Cas. 1913D, 1052; *Goytino* v. *McAleer*, 4 Cal. App. 655, 88 P. 991; 20 A. L. R. 1482; 29 A. L. R. 41; 53 A. L. R. 143; 63 L. R. A. 337; 41 L. R. A. (N. S.) 153.'' In view of the Legislature's manifest intent to confer absolute and unqualified discretion upon the governing bodies of cities, towns and villages, to license or prohibit the operation of pool rooms (sec. 28, chapter 143, Acts 1921), we are of opinion that the ruling laid down in *Hardman* v. *Town of Glenville,*

*supra,* should be overruled, in so far as it contravenes that portion of the section granting such governing bodies plenary power to prohibit the operation of such establishments within their respective limits.

Since nothing appears in the pleadings or the record to refute the allegation in the answer and return that it has been the policy of the City for a number of years to refuse all applications for licenses to operate a pool room, we must reverse the judgment of the circuit court, and enter judgment here for the respondents.

*Reversed and rendered.*