[Sac. No. 1175.  In Bank.—June 26, 1903.]

## H. L. DAVIDSON, Constable, etc., Appellant, v. OTTO VON DETTEN, County Auditor, Respondent.

CONSTITUTIONAL LAW—AMENDMENT OF COUNTY GOVERNMENT ACT—TI-
    TLE.—The amendment of 1901 to the County Government Act of
    1897 was constitutional, and sufficiently expressed its purpose in
    its title. [The case of *Beach* v. *Von Detten, ante*, p. 462, affirmed.]

[1] 86 Am. St. Rep. 257, and note.

ID.—SPECIAL LEGISLATION—GENERAL LAW—CONFLICTING SPECIAL PRO-
VISION.—Section 4 of the act of 1901, providing that in all town-
ships there shall be two constables, excepting that in townships
having a population of less than six thousand there shall be but one
constable, is general in its character, and applies to all counties
in the state; and its constitutionality is not affected, as being
special legislation, by a conflicting provision in counties of the
eleventh class, which, conceding it to be special and void, would
only affect counties of that class, and would not impair the ef-
ficiency of the act as to constables in all other counties of the
state.

ID.—APPELLANT NOT INTERESTED—QUESTION NOT PRESENTED.—The ap-
pellant, not being interested in counties of the eleventh class, can-
not raise the question as to the validity of the conflicting provision
applicable thereto, and it is unnecessary to decide such question.

APPEAL from a judgment of the Superior Court of San
Joaquin County. W. B. Nutter, Judge.

The facts are stated in the opinion of the court.

Ashley & Neumiller, for Appellant.

A. H. Carpenter, *Amicus Curiæ*, for Respondent.

THE COURT.—This case involves the constitutionality of
the County Government Act of 1901. The act has been held
constitutional in *Beach* v. *Von Detten, ante,* p. 462, this day
decided, and is conclusive of this case. The additional point
is made here that section 4 of the act of 1901 is special and
local and not uniform in its operation. This contention is
based upon the fact that section 4 of the act of 1901 provides
that in all townships there shall be two constables, except that
in townships having a population of less than six thousand
there shall be but one constable, and that subdivision 17 of
section 168 of the same act provides that in counties of the
eleventh class (Humboldt County) "all townships having a
population of over seven thousand shall elect two constables."
Section 4 is general in its character, and applies to all coun-
ties of the state. It expressly states that in all townships
having a population of less than six thousand there shall be
but one constable, and in all other townships there shall be
two constables. The provision of subdivision 17 of section
168 allows one constable in townships having a population

of less than seven thousand, and to this extent appears to be in conflict with the general provision. If we concede that the provision as to counties of the eleventh class is special and void, it would only affect counties of that class. It would not impair the efficiency of the act as to constables in all other counties in the state. (*Hale* v. *McGettigan,* 114 Cal. 120.) Appellant cannot raise the question, as he is in no way interested, and it is not necessary to decide as to constables in Humboldt County.

The judgment is affirmed.