[Crim. No. 54.    Second Appellate District.—March 9, 1907.]

## Application of J. L. KIDD for Writ of Habeas Corpus.

MUNICIPAL ORDINANCE—POLICE POWER—RESTRICTION OF LIQUOR TRAFFIC.—The law-making power of a municipal corporation has the right, under the police power, to restrict the sale of intoxicating liquors; and a municipal ordinance prohibiting the sale of all intoxicating liquors therein, excepting a specified permission to hotel-keepers to sell vinous and malt liquors served in the dining-room thereof as part of a regular meal, is a valid exercise of the police power of the municipality.

ID.—CONSTITUTIONAL LAW—UNIFORMITY IN OPERATION.—The constitutional requirement with reference to the uniformity in operation of all laws of a general nature has no application to ordinances enacted in pursuance of the police power to regulate the liquor traffic, in which there is an unjust discrimination.

ID.—NO INHERENT RIGHT TO ENGAGE IN LIQUOR TRAFFIC—OPERATION OF EXCEPTION.—There is no inherent right in a citizen to engage in the sale of intoxicating liquors; and where an exception to the ordinance prohibiting such right is based upon a reasonable distinction, and applies alike to all hotel-keepers of the class excepted, one not belonging to that class, who is imprisoned for a violation of the ordinance, has no just cause of complaint, by reason of the exception.

APPLICATION for writ of *habeas corpus* to test the validity of imprisonment for violation of an ordinance of the city of Riverside.

The facts are stated in the opinion of the court.

Thomas T. Porteous, for Petitioner.

W. A. Purington, City Attorney, for Respondent.

ALLEN, P. J.—Application by petitioner for writ of *habeas corpus* based upon the claim that his imprisonment for the vio-

lation of an ordinance of the city of Riverside is illegal, because the ordinance so violated is unconstitutional and void.

This ordinance, regularly adopted, in plain terms prohibits the sale of all intoxicating liquors in said city by any person, except that the council may issue a permit to keepers of hotels having forty bedrooms or more to sell vinous and malt liquors served in the dining-room thereof as part of a regular meal. The ordinance is claimed to destroy petitioner's right to engage in business upon the same terms as other citizens, and that it creates a monopoly in favor of a certain class. Let the correctness of his conclusions be assumed, and we have a case where the law-making power is regulating a business, the tendency of which is injurious to the public morals, safety and welfare. "The statistics of every state show a greater amount of crime and misery attributable to the use of ardent spirits obtained at these retail liquor saloons than any other source. . . . There is no inherent right in a citizen thus to sell intoxicating liquors." (*Foster* v. *Police Commissioners,* 102 Cal. 491, [37 Pac. 763].) It is only a calling not in any way injurious to the community which every one has a right to pursue. (*In re Parrott,* 6 Saw. 349, [1 Fed. 481].) That the legislative power may prohibit a traffic by retail of intoxicating liquors is conceded.

If the governing power can prohibit a thing altogether, it may impose such conditions upon its existence as it pleases, even arbitrary ones. (*Ex parte Christensen,* 85 Cal. 213, [24 Pac. 747].) The constitutional requirement with reference to the uniformity in operation of all laws of a general nature has no application to ordinances enacted in pursuance of a legitimate exercise of the police power, and only when it is manifest that there is an unjust discrimination do courts interfere. (*In re Zhizhuzza,* 147 Cal. 334, [81 Pac. 955].) There being no inherent right to engage in the business involved in this ordinance, the operation of the exception applying alike to all of the class so excepted, petitioner, not being of that class, and in no wise affected by its operation upon the class, has no cause of complaint. Petitioner presents no instance of unjust discrimination. The right to classify exists. The difference in the relation which the ordinary retail liquor dealer occupies from that of a regular hotel-keeper, whose business is that of entertaining guests and serving vinous and malt liquors with meals "suggests a reason which might rationally

be held to justify the diversity in the legislation." (*Bloss* v. *Lewis,* 109 Cal. 499, [41 Pac. 1081].)

The ordinance, in our opinion, is valid and a proper one to be enacted in the exercise of police power.

Writ denied.

Shaw, J., and Taggart, J., concurred.