[Civ. No. 589.  First Appellate District.—May 27, 1909.]

E. RITZ, Appellant, v. CHARLES J. LIGHTSTON, Treasurer of City of San Jose, Respondent.

MUNICIPAL ORDINANCE LIMITING TERRITORY FOR SALOONS—PROHIBITION OUTSIDE OF LIMITS.—A municipal ordinance limiting a defined territory of the city in which saloons where intoxicating liquors are sold are permitted to be licensed, and prohibiting any such saloons to exist outside of such limits, is a valid exercise of the police power of the city.

ID.—EXCEPTION OF EXISTING HOTELS OUTSIDE OF LIMITS—LEGITIMATE CLASSIFICATION.—The ordinance confining the right to obtain a license to sell intoxicating liquors outside of the limited territory at a bar to *bona fide* hotels existing therein is a classification that the governing body of the city had the right to make.

ID.—DISCRIMINATION AS TO HOTELS NOT AFFECTING SALOON APPLICANT.
The question whether subsequent *bona fide* hotels erected within the
prohibited limits can claim the benefit of the classification in favor
of existing hotels is one which does not affect a saloon applicant
who has no hotel, and is not in a position to complain of any dis-
crimination as regards hotels, and is not entitled to a saloon license.

ID.—NO INHERENT RIGHT OF CITIZEN TO SELL LIQUORS—RESTRICTIONS—
PRIVILEGED CLASS FOR GOOD REASON—POWER OF CITY.—There is no
inherent right in a citizen to engage in the business of selling in-
toxicating liquors, and he cannot complain of general laws imposing
restrictions upon its sale, or conferring a privilege upon one class of
citizens which is denied to another class; provided there is good
reason for the classification, and this is to a great extent a matter
for the governing body of the city to determine.

APPEAL from a judgment of the Superior Court of Santa
Clara County.   John E. Richards, Judge.

The facts are stated in the opinion of the court.

Karns & Whitehurst, for Appellant.

H. L. Partridge, City Attorney, for Respondent.

COOPER, P. J.—This is an appeal from the judgment of
the trial court denying the application of appellant for a writ
of mandate against the defendant as treasurer of the city of
San Jose.

It is conceded that the defendant was, at all the times set
forth in the verified petition, the treasurer of the city of San
Jose, and that it was his duty, by virtue of his said office as
such treasurer, to issue licenses to all persons conducting a
legal business within the corporate limits of said city, where
such business is authorized under the ordinances of said city,
and where persons conducting the same are required to take
out a license for the purpose of conducting such business.

The petitioner, on and prior to the sixteenth day of De-
cember, 1907, had been engaged in the business of conducting
and maintaining a saloon and bar upon his premises within
the corporate limits of said city, and continued in such busi-
ness until the first day of July, 1908, when the defendant
as treasurer refused to issue to him any further license or per-
mit him to carry on the said saloon and bar.   The defendant
based his refusal upon an ordinance, duly passed by the mayor

and common council of the city of San Jose, on the sixteenth day of December, 1907, to take effect on and after July 1, 1908, which ordinance provides: "No license for any bar, barroom, saloon or other public drinking place, and no transfer or removal of any license for any such place shall be granted, except where such bar, barroom, saloon or other public drinking place is to be conducted in a building fronting upon one of the streets hereinafter named, or upon that portion of some street or alley contained within the territory hereinafter described, to wit . . ." Then follows a description by metes and bounds of the portion of said city in which saloons and bars are expressly authorized. The ordinance then concludes as follows: "Provided that nothing herein contained shall prevent the renewal of any license to conduct a bar in any *bona fide* hotel at present existing without said limits."

It is the contention of the appellant that the ordinance is void by reason of the proviso, which in effect declares that in certain territory of said city a license to conduct a bar shall only be issued to a *bona fide* hotel at present existing, and for this reason it is claimed that the ordinance discriminates against the appellant in favor of other persons conducting a hotel business; that it creates a monopoly, and that it is not a police regulation.

The appellant is within the territory covered by the proviso, but he is not, and was not, a hotel-keeper, nor did he conduct his bar in any hotel at the time the ordinance was passed. He therefore comes clearly within the class of persons in the territory to whom, by the terms of the ordinance, no license shall be granted.

This is the decree made by the governing body of the city in which he lives, and to whom has been intrusted the right to enact all proper legislation for the safety, health, peace, good order and morals of such community. By adopting the city of San Jose as his home the petitioner has consented to be governed by general laws and ordinances passed by the legislative body of such city. Of course such ordinances must not unreasonably discriminate; must be general in their nature and impartial in their operation. They must not be unjust or oppressive, or make an act done by one person penal which, if done by another, would not be so, unless under some general rule or classification founded upon some reason. As to whether or not the matter in any particular case is a police

regulation, or a proper classification, must be left to a great extent to the judgment of the law-making power of the city. It is only in unusual cases that the courts interfere with the discretion of such law-making power.

It is said by the supreme court of the United States, speaking through Mr. Justice Field, in *Crowley* v. *Christensen,* 137 U. S. 86, [11 Sup. Ct. 13]: "By the general concurrence of opinion of every civilized and Christian community, there are few sources of crime and misery equal to the dramshop, where intoxicating liquors in small quantities, to be drunk at the time, are sold indiscriminately to all parties applying. The statistics of every state show a greater amount of crime and misery attributable to the use of ardent spirits obtained at these retail liquor saloons than to any other source. The sale of such liquors in this way has therefore been, at all times, by the courts of every state, considered as the proper subject of legislative regulation. Not only may a license be exacted from the keeper of the saloon before a glass of his liquors can be thus disposed of, but restrictions may be imposed as to the class of persons to whom they may be sold, and the hours of the day and the days of the week on which the saloons may be opened. Their sale in that form may be absolutely prohibited. It is a question of public expediency and public morality, and not of federal law. The police power of the state is fully competent to regulate the business, to mitigate its evils or to suppress it entirely. There is no inherent right in a citizen to thus sell intoxicating liquors by retail; it is not a privilege of a citizen of the state or of a citizen of the United States. As it is a business attended with danger to the community it may, as already said, be entirely prohibited, or be permitted under such conditions as will limit to the utmost its evils. The manner and extent of regulation rest in the discretion of the governing authority. That authority may vest in such officers as it may deem proper the power of passing upon applications for permission to carry it on, and to issue licenses for that purpose. It is a matter of legislative will only."

The rule laid down in the case above cited has been uniformly followed by the supreme court of this state and by the district courts of appeal, and by the best considered decisions of the higher courts in other states. As the sale of intoxicating liquors to be used as a beverage may injure society and

impose a burden upon the state, it is uniformly held that no person can engage in that business of common right as in the sale of commodities which are classed as necessaries. There being no inherent right in a citizen to engage in the business of selling intoxicating liquors, he cannot complain of general laws which impose burdens, conditions and regulations upon its sale. Under such general laws a privilege may be conferred upon one class of persons which is denied to another class, provided there is good reason for such classification; and, as before stated, that is to a great extent a matter for the governing body of the city to determine. (*Ex parte Murphy*, 8 Cal. App. 440, [97 Pac. 199] ; *In re Kid*, 5 Cal. App. 159, [89 Pac. 987] ; *Sandys* v. *Williams*, 46 Or. 327, [80 Pac. 642] ; *Ex parte Christensen*, 85 Cal. 209, [24 Pac. 747], *People* v. *Murry*, 148 N. Y. 171, [42 N. E. 584].)

The ordinance in question confines the right to obtain a license to sell intoxicating liquors at a bar to *bona fide* hotels within the territory. This was a classification that the governing body of the city had the right to make. The fact that the right to a license was limited to hotels in existence at the time of the passage of the ordinance might become a very material one in case of another *bona fide* hotel being erected or opened within the territory and applying for a license; but that question does not affect the right of appellant. He has no hotel, and therefore is not in a position to complain of any discrimination made by the ordinance as to hotels. (*In re Kid*, 5 Cal. App. 159, [89 Pac. 987] ; *Ex parte Murphy*, 8 Cal. App. 440, [97 Pac. 199] ; *Davidson* v. *Von Detten*, 139 Cal. 467, [73 Pac. 189].)

We therefore conclude that the ordinance is not void as to the appellant, and the judgment is affirmed.

Hall, J., and Kerrigan, J., concurred.