[Crim. No. 221.   Second Appellate District.—December 7, 1911.]

## In the Matter of the Application of J. M. CUTTING, for Writ of Habeas Corpus.

MUNICIPAL ORDINANCE — SALE OF LIQUORS IN CLUB TO MEMBERS— LICENSE TAX—PENALTY—EXERCISE OF CHARTER POWER.—A municipal ordinance of the city of San Diego, imposing a license tax upon the sale or dispensing of liquors in a social club to its members and fixing a penalty for its violation, is held to be a valid exercise of the power conferred upon the city by its charter to regulate and impose a license tax upon the sale at retail of alcoholic or malt liquors within the city limits.

ID.—NATURE OF SALE.—The dispensing of liquors owned by a social club to its members for a consideration is a sale. A sale is, in its nature, an agreement by which a seller passes title to a thing to a buyer.

ID.—MEMBERSHIP OF BUYER IMMATERIAL.—There is no distinction between a transfer of liquor to a member of a social club or partnership or other body for a consideration and that of any other purchase or sale of property. The fact that the money is used to replenish the treasury of the club and in buying other liquors or supplies, and that the member has a minute interest therein, and that when he exchanges his money for a quantity of liquor he pays for his minute interest and the interest of each and every one of the members, does not render the transaction any the less a sale to the member.

ID.—ORDINANCE JUSTIFIED BY POLICE PROVISIONS OF CHARTER.—The municipal ordinance is further justified by the provisions of the charter authorizing the licensing of places not prohibited by law that may require special police surveillance and that may be prejudicial to public morals and the general welfare. There is no inherent right in a citizen to sell intoxicating liquors; and there should be no question as to the necessity for police surveillance over places dispensing spirituous liquors. The evils that may result therefrom may not be as aggravated as those which follow the keeping of a public house or bar for a like purpose; but the possibility of evil necessitates police control, and the character of this control is a legislative matter.

ID.—POWER TO PROHIBIT INCLUDING CONTROL—GRANT BY CONSTITUTION OF POLICE POWER.—The legislative body may absolutely prohibit the sale of liquor, even by clubs, and the right and power to prohibit comprehends the lesser power of control. The constitution confers police power upon the municipal authorities when not in conflict with the general laws. Within proper police regulations, it is within the province of a municipality to regulate its local affairs.

ID.—PROVINCE OF COURT AND OF CITY COUNCIL.—It is the duty of the court to uphold the regulations of the municipality, except it manifestly appears that rights secured to a citizen have been contravened. Whether or not a necessity existed for the ordinance is a matter for the city council, and not for the court.

APPLICATION for writ of *habeas corpus.*

The facts are stated in the opinion of the court.

A. J. Morgenstein, for Petitioner.

W. R. Andrews, for Respondent.

ALLEN, P. J.—Petitioner has been convicted by the city justice's court of the city of San Diego for a violation of the provisions of an ordinance of said city, No. 4345, the same being entitled, "An Ordinance imposing Municipal Licenses on Social Clubs in the City of San Diego, California, providing the manner of issuing, collecting and revoking the same, regulating the sale of liquor in such clubs, and fixing a penalty for the violation of said ordinance." By the first section of the ordinance, it is made unlawful for any officer, agent, or employee of any social club to maintain a club-house, clubroom, barroom, or other place where any wine, ale, beer, or any spirituous, vinous, malt or mixed liquors or any intoxicating drinks are sold, dispensed or given away to the members of such social club, or to the guests of such members, or for any person in said club-house, etc., to sell, dispense or give away to any member of such social club, or to any guest of any member, any wine, ale, etc., without a license therefor issued to such social club, as provided in said ordinance. Section 4 provides that no license shall be authorized to be issued under the ordinance, except upon a verified petition under oath of the board of directors or trustees of such social club, which petition must contain: A statement of the incorporation of such social club; a list of officers and persons who are to have charge and control of the dispensing of liquors in the club-house of such club; the location of such club-house, wherein liquors are to be sold, dispensed or given away; the names of the members of such club, and their addresses, showing a membership of at least

fifty persons; a statement that said club ·has been incorporated and in existence for a period of at least six months prior to the date of such petition, and has been occupying the club-house during the whole of said time; that such club is a *bona fide* social club, organized and conducted in good faith, with a limited and selected membership, owning its property in common. Section 5 provides that upon the presentation of such petition, the common council, after investigation as to whether the persons in the control of such club are sober, suitable and proper persons to sell and dispose of intoxicating liquors, and that the same is a suitable place in which to maintain a clubroom or barroom, and that it is a *bona fide* club and not a mere pretense, shall pass upon the question of such application and grant or deny the license, the rate of license being fixed at $5 per month. The ordinance further provides that all liquors sold or dispensed in such clubroom shall be drunk on the premises, and that no intoxicating liquors dispensed by such club are to be carried off the premises, and that no gambling games are to be allowed; that at least once every three months the president and secretary of such club shall prepare a statement of the officers and the persons having charge and control of the dispensing of liquor, with their addresses, and deliver the same to the chief of police; that the council has power, after a hearing, to revoke any license issued for a violation of any of the provisions of the ordinance; that no licenses for social clubs in excess of twenty-five shall be granted at any time by said common council. The ordinance prohibits the transfer of any license, and provides a penalty for a violation of such ordinance.

The contention of petitioner is that the city council, under its charter, has no power to pass such an ordinance, and that the same is unreasonable, arbitrary, and attempts to regulate a lawful association which is not, *per se,* immoral or dangerous to the public health, and that no need for the exercise of police power appears to exist in order to warrant the enactment·of such an ordinance. The charter of the city of San Diego, by subdivision 33 of chapter 2, gives to the council the power to regulate and impose a license tax upon the sale at retail of tobacco, cigars, alcohol, or malt liquors, and upon all business places not prohibited by law that may

require special police surveillance, or that may be prejudicial to public morals and the general welfare. There is no basis for petitioner's contention that the dispensing of liquor owned by a social club to its members for a consideration is not a sale. While the property of such a corporation is owned in common by its stockholders, when one or more of the stockholders receives, in consideration of a cash payment, or on credit, a portion thereof, such portion so received is the separate property of the member. The money he pays goes into the corporate fund, in lieu of the common property so dispensed, and inures to the benefit of those who drink or smoke, as well as to those who do not. This money goes to the support of the club, and, if there be a profit, lessens the burdens upon those members who do not indulge in a use of this species of club property. As said by the supreme court of Oregon, in *State* v. *Kline,* 50 Or. 426, [93 Pac. 237] : "While the cases cannot be reconciled, the current as well as the weight of authority is undoubtedly in favor of the rule that the distribution and consumption of liquors in a club by its members in the manner above stated is a sale, and a violation of laws of the nature stated"; the manner of distribution therein being not unlike that in the case under consideration. In *Manning* v. *Canon City,* 45 Colo. 571, [101 Pac. 978, 23 L. R. A., N. S., 192], the supreme court of Colorado says, in reference to the dispensing of liquor by a club to its members for a consideration: "The money that is received is used to replenish the treasury of the club and in buying other liquors or supplies. The member, assuming that he has an interest in it, has but a minute interest; and, when he exchanges his money for a quantity of liquor, he pays for his minute interest and the interest of each of the other members. . . . When the members of the club clothe the board of control with the authority to dispose of liquor belonging to the club, they relinquish their right to have the entire property of the club remain intact for joint use, occupancy, and enjoyment of all the members, and make such board their agents to dispose of the liquor, and, in our opinion, such disposal by the board is a sale pure and simple." It is settled law that a sale is an agreement by which one of two contracting parties, called the seller, gives a thing and passes title in exchange for a certain price in current money

to the other party, who is called the buyer or purchaser, who on his part agrees to pay such price. We recognize no distinction between a transfer by a corporation or partnership, of which the buyer is a member, of a portion of the corporate or partnership property for a consideration, and that of any other purchase or sale of property. In both instances the title to specific property passes for a consideration, and the transaction is a sale. If we are correct in the views just expressed, the transaction here involved is comprehended within subdivision 33, chapter 2, of the charter. Aside from this, however, the charter authorizes the licensing of places not prohibited by law that may require special police surveillance and that may be prejudicial to public morals and the general welfare. This court, upon the authorities cited, has heretofore held in *In re Kidd*, 5 Cal. App. 159, [89 Pac. 987], that there is no inherent right in a citizen to sell intoxicating liquors; and certainly there should be no question as to the necessity for police surveillance over places dispensing spirituous liquors. The evils which may result therefrom may not be as aggravated as those which would follow the keeping of a public house or bar for a like purpose, but the possibility of evil necessitates police control, and the character of this control is a legislative matter. In the case at bar we see nothing as indicating the unreasonable character of the control exercised. There is nothing in the ordinance interfering with the social relations between members of a club, nor restricting them in any respect, except as to their engaging in a traffic the effect of which may be injurious. That the legislative body may absolutely prohibit the sale of liquor, even by clubs, is unquestioned, and this right and power to prohibit comprehends the lesser power of control. The constitution confers police power upon the municipal authorities when not in conflict with general laws. There is nothing in this ordinance conflicting with general laws. Within proper police regulations, it is within the province of a municipality to regulate its local affairs, and it is the duty of the court to uphold such regulations, except it manifestly appears that rights secured to a citizen have been contravened. There is no right sought to be controlled by this ordinance other than the right to traffic in intoxicating liquors, which is not an inherent right in the citizen. This ordinance, therefore, being

exercised only for the purpose of protecting public safety, the public health and the public morals, is, in our opinion, a valid enactment.  Conceding that a man's club in certain instances is the only fireside of many of the members, nevertheless, the right to dispense for pay intoxicating liquors even at the fireside is a proper subject of police regulation. Whether or not a necessity existed for this ordinance is a matter for the city council, and not for the court.  There is nothing in the ordinance directed to any acts of the association except those which from their nature may be prejudicial to good order and injurious to the public welfare.

In our opinion, the ordinance is a valid exercise of the police power and reasonable, and the action of the municipal authorities in relation thereto should be sustained.

The writ is denied.

James, J., and Shaw, J., concurred.