[Civ. No. 1619. Second Appellate District.—October 9, 1914.]

## AL McRAE, Petitioner, v. SAMUEL PINE et al., Respondents.

RIGHT TO CONDUCT BUSINESS—SELLING LIQUOR NOT INHERENT RIGHT.—
It is only a calling not in any way injurious to the community
which every one has a right to pursue; and there is no inherent
right in a citizen to sell intoxicating liquors.

ID.—REGULATION OF LIQUOR BUSINESS—RESTRICTION AS TO LOCALITY—
ARTICLE XI, SEC. 11 OF CONSTITUTION.—Under article XI, section
11, of the constitution of California, any county, city, town or town-
ship has the right to wholly prohibit the carrying on of the retail
liquor business, and the power to prohibit includes the power and
right to regulate by the imposition of conditions and restrictions, a
legal mode of restriction being the determination of the places in
the county where such business may or may not be carried on.

ID.—COUNTY ORDINANCE—RETENTION BY SUPERVISORS OF RIGHT TO REGU-
LATE LIQUOR BUSINESS.—A county ordinance regulating and provid-
ing for the licensing of various kinds of business, which provides
that before a license may issue for carrying on the business of a
retail liquor establishment, an application shall be filed with the
clerk of the board of supervisors, and that after the publication of
certain notices, the board "shall thereupon proceed to hear any tes-
timony offered, either in support of or against such application for
license, and may refuse to allow a license to issue thereunder, if,
on such hearing, it shall appear to the satisfaction of the
board, . . . that in the judgment of said board it would not be
for the welfare of the people residing in said precinct or of the
county to have the business mentioned in said application car-
ried on in such precinct, . . . or that there is any other sufficient
reason for such refusal, whether shown by protest on file, location
of business, or otherwise," does not take away from the board its
right to refuse to grant a license for such business in any location
where, after considering the facts, it is the judgment of the board
that the business should not be located in that place, notwithstand-
ing no testimony was offered against an application for a license,
or objection made to the personal character of the petitioner, or
exception taken to the form, substance, or sufficiency of the petition,
or to the regularity of any of the proceedings; and notwithstand-
ing, also, that the majority of the voters in the precinct where the
business was to be carried on voted in favor of granting such license
at the last general election.

ID.—APPLICATION FOR LIQUOR LICENSE—PROVISION OF ORDINANCE FOR
SUBMISSION TO VOTE OF PEOPLE—SUPERVISORS' POWER TO REFUSE
NOT AFFECTED BY.—A provision in such an ordinance that no appli-

cation for either a wholesale or retail liquor license shall be granted unless the petition shows that at the last general election at which the question of granting retail and wholesale liquor licenses was submitted to the vote of the people of the county, a majority of the votes cast upon the question in the voting precinct in which the business was to be carried on, was in favor of granting such license, while preventing the granting of such a license by the board, if a majority of the votes is against it, does not prevent the board refusing such license, although a majority of the votes were in favor of it.

MANDAMUS—NOT WRIT OF RIGHT—SHOULD NOT ENFORCE TECHNICAL COMPLIANCE CONTRARY TO SPIRIT OF LAW.—The writ of *mandamus* is not wholly a writ of right, but lies, to a considerable extent, within the sound judicial discretion of the court where the application is made; and no court should allow a writ of *mandamus* to compel a technical compliance with the letter of the law, where such compliance will violate the spirit of the law.

ID.—WHEN MANDAMUS DOES NOT LIE TO COMPEL GRANTING OF LIQUOR LICENSE.—Mandamus will not lie to compel the board of supervisors to issue a license to the petitioner in such a case, which could only be granted upon a technical construction of the ordinance in his favor, contrary to the spirit of the law which intends that such matters shall remain within the power of regulation of the county through its authorized officers.

APPLICATION for a Writ of Mandate, originally brought in the District Court of Appeal of the second appellate district, to compel the board of supervisors of San Bernardino County to issue to the petitioner a license to carry on the business of a retail liquor establishment in the town of Daggett in said County.

The facts are stated in the opinion of the court.

G. M. Pittman, for Petitioner.

R. B. Goodcell, for Respondents.

CONREY, P. J.—In this proceeding the petitioner seeks to obtain a writ of mandate requiring the board of supervisors of the county of San Bernardino to issue to him a license to carry on the business of a retail liquor establishment in the town of Daggett, Daggett voting precinct, in that county.

Ordinance No 110 of the county of San Bernardino is an ordinance regulating and providing for the licensing of various kinds of business. It is provided that before a license

may issue for carrying on the business of a retail liquor establishment, as defined in the ordinance, an application shall be filed with the clerk of the board of supervisors. It is required that after the publication of certain notices the board of supervisors "shall thereupon proceed to hear any testimony offered, either in support of or against such application for license, and may refuse to allow a license to issue. thereunder if, on such hearing, it shall appear to the satisfaction of the board, . . . that in the judgment of said board it would not be for the welfare of the people residing in said precinct or of the county to have the business mentioned in said application carried on in such precinct, . . . or that there is any other sufficient reason for such refusal, whether shown by protest on file, location of business or otherwise."

"No application for either a wholesale or retail liquor license shall be granted, unless the application shows that, at the last general election at which the question of granting retail and wholesale liquor licenses was submitted to the vote of the people in the county of San Bernardino, a majority of the votes cast upon the question in the voting precinct in which the business is to be carried on, was in favor of the granting of retail and wholesale liquor license."

This case is submitted for decision upon a general demurrer to the petition, with the understanding that, after ruling upon the demurrer, the court shall proceed to a judgment on the merits by either granting or refusing the peremptory writ demanded by the petition. The petition shows that the petitioner duly presented his application to the clerk of the board of supervisors and the required notices were given. The matter came regularly before the board of supervisors and a hearing was had as hereinafter stated. At the last general election preceding the filing of said application a majority of the votes cast in Daggett voting precinct upon the question of granting retail and wholesale liquor licenses was in favor of the granting thereof. At the hearing of petitioner's application before the board no evidence whatever was offered against said application for the license; nevertheless, the board of supervisors rejected the application and still refuse to grant the same. In taking such action the board of supervisors took no exception whatever to the form, substance, or sufficiency of the application, or to the personal character or standing in the community of the petitioner. Petitioner was a fit and proper

person to be granted a license for the purpose of carrying on the business of a retail liquor establishment. These being the facts, the petitioner alleges that the action of the board was purely arbitrary and entirely without cause and was not in the exercise of any right conferred on the board by ordinance, and was without lawful right or authority. A stipulation has been filed that a certain copy of portions of the minutes of the board of supervisors pertinent to the issues raised herein may be considered as a part of petitioner's petition. These minutes show that when the application was taken up for hearing and consideration no testimony was offered against the issuance of the license. Al McRae, the applicant, was duly sworn and examined, "and gave testimony in favor of the issuance of said license in accordance with the terms of said application." No further testimony was given, and thereupon the board denied the application "upon the ground that in the judgment of this board it would not be for the welfare of the people residing within said Daggett voting precinct or of the county to have the business mentioned in said application, to wit the business of a retail liquor establishment, carried on in said Daggett voting precinct."

That there is a difference between the legal obligation to issue licenses (where such licenses are provided for as a condition to carrying on business) for the carrying on of ordinary commercial occupations and the obligation to issue such licenses for the business here in question, is not to be denied. There is no inherent right in a citizen to sell intoxicating liquors. "It is only a calling not in any way injurious to the community which every one has a right to pursue. That the legislative power may prohibit a traffic by retail of intoxicating liquors is conceded. If the governing power can prohibit a thing altogether, it may impose such conditions upon its existence as it pleases, even arbitrary ones. The constitutional requirement with reference to uniformity in operation of all laws of a general nature has no application to ordinances enacted in pursuance of a legitimate exercise of the police power, and only when it is manifest that there is an unjust discrimination do courts interfere." (*In re Kidd,* 5 Cal. App. 159, [89 Pac. 987] ; *In re Cutting,* 17 Cal. App. 604, [120 Pac. 304].) Under article XI, section 11, of the constitution of California, any county, city, town or township has the right to wholly prohibit the carrying on of this business. (*Ex parte*

*Campbell,* 74 Cal. 20, [5 Am. St. Rep. 418, 15 Pac. 318] ; *Reed* **v.** *Collins,* 5 Cal. App. 494, 498, [90 Pac. 973].)    The power to prohibit the business includes the power and right to regulate by the imposition of conditions and restrictions.    The determination of the places in the county where such business may or may not be carried on is a legal mode of restriction. These rules or principles being established, it follows that the board of supervisors might legally prohibit the proposed business of petitioner in Daggett precinct, unless by the said ordinance the board has established a local law which prevents it from exercising that authority.

The paragraph above quoted from the ordinance would prevent the granting of a license to petitioner if a majority of the votes cast upon the question in Daggett voting precinct had been against the granting of such licenses.    But it does not follow that a vote in favor of granting such licenses has imposed on the board of supervisors any duty to grant the license applied for, or has interfered with the discretion lodged in it by law to regulate and restrict the business within the county and at any and all places within the county.    The sole object of the provision for a vote by the people of the precinct was that the people might have an opportunity to effectively protest against and prohibit the business in those precincts where a majority of the voters consider that the maintenance of such business is injurious to them.    So far as the people of the locality are concerned, the local option clause of the ordinance gives nothing more than a power of veto against the business.

Turning now to the provisions of the ordinance first above quoted, we find that, notwithstanding the absence of any other objection, the board of supervisors may refuse to allow the license, ''if on such hearing it shall appear to the satisfaction of the board, . . . that in the judgment of said board it would not be for the welfare of the people residing in said precinct or of the county to have the business mentioned in said application carried on in such precinct, . . . or that there is any other sufficient reason for such refusal, whether shown by protest on file, location of business, or otherwise.''    On the record here presented, we are unable to say that the action of the board was without some sufficient reason arising out of the ''location of business or otherwise.''    As before stated, it appears that at the hearing before the board of supervisors the applicant ''was duly sworn and examined and gave testi-

mony in favor of the issuance of said license in accordance
with the terms of said application.'' This does not necessarily
mean that all of the facts elicited by his testimony were such
facts as necessarily compelled the exercise of the board's dis-
cretion in favor of the granting of the license. The geogra-
phical location and surroundings of Daggett precinct are
matters of which the board may take judicial notice. The
examination of the applicant may have included a cross-
examination which may have developed facts unfavorable to
the granting of the license. Petitioner's allegation that the
action of the board in refusing his petition was purely ar-
bitrary and entirely without cause is a statement of his con-
clusion or opinion and is not to be accepted as a statement of
fact, unless the statement of actual facts necessarily supports
that conclusion.

Taking the license ordinance and considering it in connec-
tion with the section of the constitution to which we have re-
ferred, and with the principles of law specially applicable to
those kinds of business which are peculiarly subject to police
regulation (as is the business of retailing intoxicating liquors),
we arrive at the conclusion that the said ordinance was not
intended to and does not take away from the board of super-
visors its right to refuse to grant a license for such business
in any location where, after considering the facts, it is the
judgment of the board that the business should not be located
in that place.

''The writ of *mandamus* is not wholly a writ of right, but
lies, to a considerable extent, within the sound judicial discre-
tion of the court where the application is made; and no court
should allow a writ of *mandamus* to compel a technical com-
pliance with the letter of the law, where such compliance will
violate the spirit of the law.'' (*State* v. *Commissioners of
Phillips County,* 26 Kan. 419; quoted with approval in *Wied-
wald* v. *Dodson,* 95 Cal. 450, 454, [30 Pac. 580].) Under the
circumstances here shown, the writ of mandate applied for
by the petitioner could not be granted except upon a technical
construction in his favor, of the ordinance in question, con-
trary to the spirit of the law which intends that such matters
shall remain within the power of regulation of the county
through its authorized officers.

The petition for the writ is denied.

James, J., and Shaw, J., concurred.