Appellate Department, Superior Court, Los Angeles

[Crim. A. No. 1833.   Jan. 27, 1942.]

THE PEOPLE, Appellant, v. ANTONIA JEMNEZ, Respondent.

Ray L. Chesebro, City Attorney, W. Jos. McFarland, Assistant City Attorney, and William J. D. Lane, Deputy City Attorney, for Appellant.

Wyman G. Reynolds for Respondent.

FOX, J.— Defendant, a woman who was neither an on-sale licensee nor the wife of a man who held an on-sale license, was charged with mixing alcoholic beverages at an on-sale licensee's place of business, in violation of section 56.4 of the Alcoholic Beverage Control Act. (Stats. 1937, page 1934; Act 3796, Deering's General Laws.) The pertinent portions of that section are as follows: "Every person who uses the services of a female in mixing alcoholic beverages . . . on any premises used for the sale of alcoholic beverages for consumption on the premises, or any female who renders such services on such premises, is guilty of a misdemeanor. . . ."

"The provisions of this section shall not apply to the mixing of alcoholic beverages . . . by any on-sale licensee nor to the mixing of such beverages by the wife of any licensee on the premises for which her husband holds an on-sale license."

Defendant challenged the constitutionality of the section

on the ground that it violates section 18 of article XX, of the State Constitution, which provides that "No person shall, on account of sex, be disqualified from entering upon or pursuing any lawful business, vocation, or profession." She further contends the section is unconstitutional in that it abridges the privileges and immunities of citizens and denies to those whose employment is prohibited equal protection of the laws; and, finally, that it is unreasonable and arbitrary to impose a penalty upon the "mixing" only of alcoholic beverages. Defendant's position was sustained and the complaint dismissed. The People have appealed from that ruling. In our opinion the court was in error and the order must be reversed.

It has long been uniformly held that there is no inherent right in a citizen to engage in the business of selling alcoholic beverages (*Ritz* v. *Lightston* (1909), 10 Cal. App. 685, 689 [103 Pac. 363]; *State Board of Equalization* v. *Superior Court* (1935), 5 Cal. App. (2d) 374, 377 [42 Pac. (2d) 1076]; *Irvine* v. *State Board of Equalization* (1940), 40 Cal. App. (2d) 280, 284 [104 Pac. (2d) 847]; *Crowley* v. *Christensen* (1890), 137 U. S. 86 [11 S. Ct. 13, 34 L. Ed. 620]), and that "The regulation of that business is governed by legal principles different from those which apply to what may be termed inherently lawful avocations." (*Martin* v. *Board of Supervisors* (1933), 135 Cal. App. 96, 101 [26 Pac. (2d) 843].) The governing authority may, therefore, in the exercise of the police power for the protection of the public morals, health and safety, grant the privilege of selling alcoholic beverages upon such terms and conditions as it may determine. (See *Ritz* v. *Lightston, supra,* at page 688, quoting from *Crowley* v. *Christensen, supra.*) In recognition of these principles our Supreme Court has held in *Ex parte Hayes* (1893), 98 Cal. 555 [33 Pac. 337, 20 L. R. A. 701], that the above quoted constitutional provision (Sec. 18 of art. XX) "does not . . . operate as a limitation upon the power of the state . . . to prescribe the conditions upon which the business of retailing intoxicating liquors shall be permitted to be carried on, or in regulating the manner in which such business shall be conducted." The ordinance under attack in this case and which was sustained by the court provided, among other things, that no license should be granted to sell intoxicating liquors in any place where women were employed to wait on the patrons. That one who formerly employed women to wait on the trade was

thereby shown to be unfit to have a liquor license was held in *Foster* v. *Board of Police Commissioners* (1894), 102 Cal. 483 [37 Pac. 763, 41 Am. St. Rep. 194]. The only case out of line with these decisions is that of *In re Maguire* (1881), 57 Cal. 604 [40 Am. Rep. 125]. But that case cannot now, in view of these subsequent decisions, be regarded as representing the law of this state. (See *Adams* v. *Cronin* (1902), 29 Colo. 488 [69 Pac. 590, 63 L. R. A. 61] for discussion to the effect that the Maguire case was overruled by the Hayes and Foster cases.) The decision in the Hayes case is supported by the further reason that this constitutional provision, like all other constitutional guaranties, "is subject to such reasonable regulations as may be imposed in the exercise of police powers." (*In re Miller* (1912), 162 Cal. 687, 692 [124 Pac. 427].)

The argument that the section forbidding women employees to mix drinks abridges the privileges and immunities of citizens and denies equal protection of the laws to those whose employment is prohibited, overlooks two fundamental propositions: (1) that the business here involved is one of privilege and not of right; and (2) that the classification of women with respect to mixing drinks is reasonable. When these two propositions are established, as we believe they are in this case, the force of the argument vanishes. (See *In re Considine* (1897), 83 Fed. 157; *People* v. *Case* (1908), 153 Mich. 98 [116 N. W. 558, 18 L. R. A. (N. S.) 657]; *City of Hoboken* v. *Goodman* (1902), 68 N. J. L. 217 [51 Atl. 1092].)

Furthermore, a particular class of women has no constitutional right to be employed in a particular business when the effect of such employment would be detrimental to society. The section of the Alcoholic Beverage Control Act under consideration divides women into three different classes with respect to the privilege of mixing drinks in a place having an on-sale license, and gives the privilege to two of these groups while denying it to the third. It seems to us that there is a fair and substantial basis for the classification. As to the group of women who are licensees, the Board of Equalization has direct supervision over them with the power to revoke or suspend their licenses, so it is not reasonable to assume that such a licensee is going to do anything improper and thus lose her license and business. As to the wife of a licensee, she is more nearly in the position of a licensee than in that of an employee and her presence may fairly be con-

sidered to be a restraint upon impropriety. A mere employee would not have the same incentive to prevent improprieties that either a licensee or the wife of a licensee would naturally have. Furthermore, the legislature may well have concluded that it would be an unwholesome influence upon the women themselves, the general public, and upon our young people, to permit women generally to act as bartenders. The precise classification here involved was approved in *City of Hoboken* v. *Goodman, supra.*

The final argument that the section is invalid on the ground that it is unreasonable and arbitrary to impose a penalty upon the "mixing" only of alcoholic beverages is without merit. The fact that the section might have gone further and prohibited women employees from serving as well as mixing drinks does not render it invalid. ▮▮ It is not necessary for a penal statute to cover the entire legally permissible field in order to be valid. (*Farmers & Merchants Bank* v. *Federal Reserve Bank* (1922), 262 U. S. 649 [43 S. Ct. 651, 67 L. Ed. 1157, 1164]; *James-Dickinson Farm Mtge. Co.* v. *Harry* (1927), 273 U. S. 119 [47 S. Ct. 308, 71 L. Ed. 569, 574]; *In re Miller, supra,* pages 697-8.)

The order is reversed, with directions to the trial court to vacate its order dismissing the complaint and to overrule the motion to dismiss the same.

Bishop, Acting P. J., and Vickers, J. pro tem., concurred.