[No: 20441.  *En Banc.*  November 23, 1927.]

HARRY L. BROWN et al., *Respondents,* v. THE CITY OF CLE ELUM, *Appellant.*[1]

[1] CONSTITUTIONAL LAW (33)—MUNICIPAL CORPORATIONS (312)— DELEGATION OF POWER TO MUNICIPALITIES—POLICE POWER OF CITIES—ORDINANCES—EXTRATERRITORIAL FORCE. Rem. Comp. Stat., §§ 9127 and 9473, purporting to give municipal corporations power to pass penal ordinances for the protection of its water supply, operative beyond the territorial limits of the city, are unconstitutional as violative of Const., art 9, § 11, providing that any city may make and enforce *"within its limits,* all such local, police, sanitary and other regulations as are not in conflict with general laws" (Overruling on rehearing Id., 143 Wash. 606, 255 Pac. 961; FULLERTON, J., dissenting).

Appeal from a judgment of the superior court for Kittitas county, Moriarty, J., entered October 27, 1926, upon findings in favor of the plaintiff, in an action for an injunction, tried to the court. Affirmed.

*Ralph Kauffman,* for appellant.

*Harry L. Brown, F. A. Kern,* and *E. E. Wager,* for respondents.

*Thomas J. L. Kennedy, Ray Dumett, Hugh R. Fullerton, J. M. Geraghty, Alex M. Winston, B. E. Stoutemyer* and *Spencer L. Baird, amici curiae.*

ON REHEARING.

PER CURIAM.—This case was originally heard before Department Two of this court, and the opinion written appears in 143 Wash. 606, 255 Pac. 961, to which reference is made for the facts upon which the action is based. That opinion contains the following statement:

"There looms in the horizon of this controversy a question of far-reaching importance; that is, as to whether or not the legislature can constitutionally

[1]Reported in 261 Pac. 112.

delegate to a city authority to exercise police power beyond its territorial limits and outside the boundaries of property it may own beyond its territorial limits, by the passing and enforcing of ordinances assuming to regulate the conduct of citizens beyond such limits and boundaries. No argument has been presented to us here touching that question, and we purposely refrain from expressing any views thereon. The city's power is here challenged only upon the two grounds we have noticed, (1) the United States ownership of the lands and waters, and (2) the reasonableness of the ordinance. No other question is here decided.''

Upon a re-argument of the case before the court *En Banc,* the question referred to in the foregoing quotation was presented to the court, and after such presentation, we are of the opinion that the ordinance in question is unconstitutional.

The ordinance provides for the punishment of persons who shall commit certain proscribed acts on property situated six miles beyond the corporate limits of the city of Cle Elum. The validity of the ordinance is attempted to be sustained under §§ 9127 and 9473 of Rem. Comp. Stat., which purport to give to the city the power to pass such an ordinance. Those sections of the code can have no validity, however, in view of the constitutional provision, Article XI, § 11, which provides that—

''Any county, city, town or township, may make and enforce *within its limits* all such local, police, sanitary, and other regulations as are not in conflict with general laws.'' (Italics ours.)

This delegation of its police power by the state to various municipalities is strictly limited to the exercise of that power *within the limits* of such municipalities. Authorities are cited to the effect that the state, by legislative enactment, might delegate its police power to various municipalities to be exercised beyond their

limits, but those authorities will be found to have not arisen where a constitutional provision obtains such as the one existing in this state. In order for the appellant in this case to pass a valid ordinance under the sections of the code relied on, it would be necessary for the court to read out of the constitutional provision the words, *"within its limits,"* and no case has been cited to us, and we have been unable to find one, where legislation similar to that here under consideration has been sustained where there also existed a constitutional provision such as ours.

The constitution of California contains a provision (also Article XI, § 11 of that constitution) identical with the similarly-numbered section of the constitution of the state of Washington, and the courts of California have held that the power conferred was limited to the corporate boundaries of the muncipalities where it could be exercised in a manner not in conflict with the general laws of the state. *Odd Fellows' Cemetery Ass'n v. City & County of San Francisco,* 140 Cal. 226, 73 Pac. 987; *Ex parte Murphy,* 8 Cal. App. 440, 97 Pac. 199; *Boyd v. City of Sierra Madre,* 41 Cal. App. 520, 183 Pac. 230.

This court, in *Detamore v. Hindley,* 83 Wash. 322, 145 Pac. 462, referring to this constitutional provision, said—

"This is a direct delegation of the police power as ample *within its limits* as that possessed by the legislature itself." (Italics ours.)

The municipalities having only such legislative powers as are delegated to them, and the delegation by the constitution containing a limitation as to the extent of that power, the legislature is not empowered to exceed that limitation. It therefore must follow that the Departmental decision be set aside and the judgment of the trial court affirmed.

The effect of holding this ordinance invalid will not be, of course, to render the municipalities powerless to protect property owned by them outside of their corporate limits from interference. The law provides several ways in which that protection can be secured; but, without a constitutional amendment, penal ordinances such as the one under consideration here can not be given extraterritorial effect.

Judgment affirmed.

FULLERTON, J. (dissenting)—The legislature of the state, in the act providing for the incorporation of cities and towns, has sought to empower such cities and towns with the right to acquire, hold and control real and personal property located outside of its corporate limits as a source for a water supply, and has, by the same act, sought to empower them to protect such supply from pollution by ordinance. The ordinance of the city here in question was enacted pursuant to this legislative grant of power, and is strictly within the power granted. It seems to me, therefore, that the question before the court is, does the act of the legislature violate any of the constitutional inhibitions.

The majority find the inhibition in the clause of the constitution which they quote. In my opinion, this is a misapprehension of the purpose and meaning of the clause. It will be noted that the clause quoted is not in form a prohibition upon power, but is in form a grant of power. It will be noted further, that the grant is to the municipalities which it enumerates, and does not even refer to the legislature or its powers. It will be remembered also, that a constitution, in so far as it applies to the legislative branch of the government, is a restriction upon and not a grant of powers; or, stated in another way, the legislative powers of the state are

supreme, restricted only by the prohibitions in the constitution under which it acts.

These considerations, it seems to me, point directly to the conclusion that the clause in question had another purpose than that which the majority impute to it. Its purpose was, as I conceive, to grant to the municipalities enumerated the power to enact ordinances for their local self-government, without the necessity of first receiving legislative sanction so to do. In other words, the powers granted are the powers they inherit in virtue of their creation as municipalities, and no legislation is necessary, other than the legislation by which they are created, to authorize them to exercise the granted powers, subject, of course, to the imposed limitation that the ordinance enacted under it shall not conflict with the general laws. I cannot conceive, therefore, that it was intended by this clause to place a limitation upon legislative powers, further than to limit its legislation on the particular subject to general laws. If this be the correct interpretation of this clause of the constitution, it follows as of course that the legislature may authorize cities to acquire property outside of its limits as a source of water supply, and may authorize them to protect such property by ordinance.

But, in my opinion, the majority have placed an erroneous construction upon the clause in question, even conceding that it applies to the legislative branch of the state. As I have pointed out, it is not in form a restriction; and, if it is a restriction at all, it is only so by implication. It is in form a grant of powers, and to make it a limitation there must be read into it the implication that no other powers were intended than those specially granted. I am, of course, aware of the ancient maxim, anglicized as "The expression of one thing is the exclusion of another," but I cannot con-

cede that the maxim is of universal application. My research has convinced me that it is rarely, if ever, applied as a rule of constitutional construction. In constitutional provisions, the prohibition must usually be direct. Implied prohibitions are given effect only when the language employed admits of no other interpretation. I think, therefore, that the majority are wrong in holding that the limitation imposed by the constitution upon the powers of cities, implies a like prohibition upon the legislature.

Of the cases cited in the majority opinion from the supreme court of California, the first (*Odd Fellows' Cemetery Ass'n v. City & County of San Francisco,* 140 Cal. 226, 73 Pac. 987) was a suit to enjoin the defendant city from enforcing an ordinance forbidding the burial of the dead in any cemetery situated within the corporate limits of the city. The second (*Ex parte Murphy,* 8 Cal. App. 440, 97 Pac. 199) was a proceeding in habeas corpus, by which the relator sought to be relieved from imprisonment imposed upon him for violating a city ordinance prohibiting keeping open or maintaining a billiard or pool hall in certain places within the corporate limits of the city of South Pasadena. The third (*Boyd v. City of Sierra Madre,* 41 Cal. App. 520, 183 Pac. 230) was a suit to enjoin the city named in the title from enforcing an ordinance forbidding the maintenance of a livery stable within the residence district of the city. While each of the cases cite the constitutional provision of the state of which ours is a duplicate, they cite it as furnishing authority to the respective cities to enact the ordinances attacked. It may be that I do not fully comprehend the purport of these cases, but I find nothing in them which supports the principle to which they are cited in the majority opinion.

Nor does the case cited from this court bear more

directly upon the question. It, in common with a number of others which could have been cited, but announces the principle that a city, in virtue of the constitutional provision cited, may, without the special sanction of the legislature, enact local police regulations effective within their corporate limits. It does not, as I read it, prohibit the legislature from empowering cities to pass ordinances for the protection of their water supplies effective beyond such limits. As I read both our own and the California cases, they support rather than oppose the principle for which I contend, namely, that the purpose of the constitutional provision was to give to cities powers which they could exercise independent of legislative sanction, not to impose restrictions upon the legislature itself.

An argument is made in the briefs tending to show that the ordinance is invalid for reasons apart from the constitutional question involved, and were the conclusion of the court rested on these grounds I would concur in it. But the reason on which it is rested has far reaching consequences. Each of the principal cities of the state has its water supply on property it has acquired located beyond its municipal limits, and each of them has sought to protect the supply from pollution by ordinance. The opinion holds these ordinances, and the legislative enactment upon which they are founded, invalid. I am afraid that the effect of the holding, notwithstanding the statement in the opinion to the contrary, is to leave the supply without protection; a consequence that nothing but the gravest reasons warrant.

PARKER, J. (concurring)—I concur in the result announced in the foregoing majority opinion, but upon a broader ground than that upon which the majority rest their conclusion. I am unable to see in § 11 of

Art. 11, of our state constitution, within itself, any limitation upon the power of the legislature. To this extent, I agree with Judge Fullerton's observations.

I am of the opinion, however, that the attempt of the legislature, by the act in question, to empower municipalities to exercise police power beyond their territorial limits and outside the boundaries of real property they may own beyond their territorial limits, by the passing and enforcing of penal ordinances assuming to regulate the conduct of people beyond such limits and boundaries, constitutes a wholly unwarranted delegation of legislative power to municipalities.

It may be that there cannot be pointed out any specific express prohibition in our constitution against the legislature's enacting such legislation, but it seems equally difficult to point out any express constitutional provision against the legislature delegating its purely legislative power; yet it is, I think, elementary that the legislature cannot constitutionally do so. I am of the opinion that this act is attempted legislation only in a sense that it is an attempted delegation of legislative power to municipal councils to legislate extraterritorially by the enactment of penal ordinances regulating the conduct of peoples and communities having no voice, representative or otherwise, in the enactment of such ordinances. This is not a case of the legislature's delegating to some state board or tribunal, having state wide jurisdiction, the power of making sanitary, health or quarantine regulations varying as conditions may require, but it is a case of attempted delegation of legislative power to the many municipalities throughout the state to enact penal ordinances, effective extraterritorially, even to the extent of making such ordinances effective over the territorial limits of other municipalities which may lie within a water shed

from which the legislating municipality takes its water supply.

I am aware that there are decisions of the courts of this country recognizing the power of a state legislature to delegate to municipalities such police penal ordinance-enacting powers extraterritorially. I think, however, a critical reading of such decisions will disclose that such delegation of ordinance-enacting power has been recognized only to a very limited extent, and in a number of such decisions such delegation of power has been assumed to be within the power of the legislature, rather than actually so deciding in a real controversy presenting such question.

I do not think we need entertain any concern touching the possibility of water supplies of cities being without protection from contamination by the holding of this legislation unconstitutional as an unwarranted delegation of legislative power. Manifestly, the municipalities have all the civil remedies that are available to anyone, looking to the abatement of nuisances; and, if penal laws are desirable looking to that end, manifestly the legislature has ample power to enact such laws.