[No. 38169. Department Two. August 18, 1966.]

A. P. WILSON *et al., Appellants,* v. CITY OF MOUNTLAKE TERRACE, *Respondent.**

*Reported in 417 P.2d 632.

*Hullin, Ehrlichman, Carroll & Roberts,* for appellant.

*William F. Hennessey* (of *Brumbach & Hennessey*), for respondent.

DONWORTH, J.—Appellant Reese has appealed from the dismissal of his alternative writ of prohibition with prejudice after a trial before the court sitting without a jury. The facts were stipulated by counsel. Therefore, the only issues in the case are questions of law. The basic question is whether the persons who are not residents of the City of Mountlake Terrace can obtain judicial relief to prevent the City of Mountlake Terrace from fluoridating the city's water supply when its so doing will inevitably result in the fluoridation of the water of the nonresidents who wish to have their water remain unfluoridated.

The facts are somewhat involved but are not in dispute. The stipulated facts which were accepted verbatim by the trial court as findings of fact are as follows:

2. That the City of Mountlake Terrace is a city of the third class duly organized and existing in Snohomish County, Washington, with a population of approximately 13,200 persons.

3. That plaintiffs and the members of the class which they represent reside in an unincorporated area of Snohomish County, Washington, contiguous to the City of Mountlake Terrace, in which said area reside approximately 300 persons. That plaintiffs are electors, taxpayers, and customers of the Alderwood Water District.

4. That prior to the 18th day of May, 1959, the Alderwood Water District supplied water to the residents of the City of Mountlake Terrace all of whom were then customers and taxpayers of said district. On the 18th day of May, 1959, the City of Mountlake Terrace entered into a contract with the Alderwood Water District for the purchase by the city from the district of the water system within the city limits, a true and correct copy of which said contract has been admitted herein as defendant's Exhibit 1.

5. That plaintiffs, and the class to which they belong,

are served with water by the Alderwood Water District through pipes which run through the defendant City of Mountlake Terrace. That said pipes are common distribution lines, both for the City of Mountlake Terrace and for plaintiffs and others similarly situated.

6. That on or about the 15th day of June, 1964, the duly elected, qualified and acting City Council of the City of Mountlake Terrace, duly adopted an Ordinance No. 388 which purported to authorize the addition of a fluoride chemical to the municipal water supply of said city. That a true and correct copy of said ordinance has been admitted herein as defendant's Exhibit 3.

7. That the only feasible method available to the City of Mountlake Terrace to fluoridate its water supply, is by the introduction of the appropriate amount of fluoride at the point of delivery of water to the City of Mountlake Terrace by the Alderwood Water District. That if fluorides were introduced at said point, not only the municipal water supply of the City of Mountlake Terrace would receive such fluorides, but also the water delivered to plaintiffs and the class to which they belong.

8. That the introduction of fluorides pursuant to the aforesaid ordinance would be, if permitted, accomplished for the purpose of reducing dental decay in the users of said water, and would not be for the purpose of eliminating or reducing harmful bacteria or organisms in the water nor would it have any purifying effect on the said water.

9. If fluorides were introduced into the muncipal water supply of the City of Mountlake Terrace pursuant to the aforesaid ordinance, said introduction would not render the same unfit for human consumption according to the standards of the State of Washington Department of Health.

10. That plaintiffs object to the introduction of fluorides into their water, inasmuch as they are not citizens, residents, nor taxpayers of the City of Mountlake Terrace.

In addition to these stipulated facts, the trial court added the additional finding which reads:

X. That the fluoridation of plaintiffs' water supply would be a mere incident to a legitimate sanitary regulation of defendant City of Mountlake Terrace in the valid exercise of its police power.

The only conclusion of law entered by the trial court reads as follows:

I. That defendant is entitled to judgment dismissing the alternative writ of prohibition heretofore entered herein on the 25th day of June, 1964 and to judgment for its costs and disbursements herein to be taxed.

The contract by which the water district sold the water distribution system to the City of Mountlake Terrace was incorporated in the stipulated facts. It provided for the sale of the water pipeline system within the city limits of Mountlake Terrace to the city (except for certain specific exclusions not relevant to the issues in this case). The city agreed to pay a specific sum of money, and to purchase all the water it found necessary for the use of its residents up to the amount which the water district could supply for a period of 7 years.

In addition, the agreement contained the following provisions which are pertinent to an understanding of this case:

V. *The City shall permit the District to continue to serve areas outside the present or future City limits which receive water service from lines running through the City.* Meter readings shall be made of water consumed within said areas and shall be deducted from the master meter readings in computing the amount of water delivered to the City. The amount as near as may be determined of any unmetered water used or water loss sustained in said areas shall also be deducted in computing the amount of water delivered to the City. If and when the City no longer purchases water from the District, the City agrees to furnish water to said areas at rates to be mutually agreed upon between the City and the District. This section shall not apply to the 12 inch and 3 inch lines described in Section I hereof.

Any area served by the District lying within the City not served by water delivered to the master meter by the District shall be served and billed as follows: The City shall read meters and bill the customer and add to the master meter reading the amount of water consumed by those customers within the City. The City shall maintain the service line and the meters. The amount as near as may be determined of any unmetered water used or water loss sustained in said areas shall also be added in computing the amount of water delivered to the City.

VI. The District agrees to furnish to the City *good and wholesome quality of water approved by the State Department of Health* at point of delivery. *All water supplied by the District shall be upon the express condition that after it has passed the meter equipment the same becomes the property of the City and the District shall not be liable for any damages or loss beyond said point, except as provided in Section V above.*

. . . .

XVI. This agreement shall terminate on June 1, 1966 as to all provisions herein except Sections V, IX and X. (Italics ours.)

Appellant assigns as error the entry of the judgment by the trial court, and the making of its finding of fact No. 10 and conclusion of law No. 1, quoted earlier in this opinion.

We assume that the trial court's reason or reasons for its dismissal of the alternative writ of prohibition are based on the finding and the conclusion of law as supported and explained by respondent city's arguments.

Appellant's position can be clearly shown by quoting portions of his brief. Appellant states therein:

The City of Mountlake Terrace admittedly intends to put a chemical medicine, fluoride, in water furnished to it by the Alderwood Water District, which water in turn passes through the City of Mountlake Terrace to plaintiffs' properties outside the city.

Appellant's brief also contains the following statement:

Assuming, for the sake of argument only, that the City of Mountlake Terrace has the police power to fluoridate its own water system, it is clearly apparent that it has no jurisdiction or authority to impose such fluoridation or chemical medicine upon persons living outside the city.

■ Appellant cites and quotes from many authorities which state in clear language that, unless the authority is expressly granted by charter or statute, a city cannot exercise its police power outside its boundaries. In particular, appellant relies on *Brown v. Cle Elum*, 145 Wash. 588, 261 Pac. 112, 55 A.L.R. 1175 (1927).

■ We agree that appellant is correct in his abstract statement of the law, but we are of the opinion that in this

case the City of Mountlake Terrace is not proposing to exercise its police power outside the city limits. The city does not distribute water to appellant. Under the contract, it redelivers water received from the Alderwood Water District, a portion of which is then delivered to appellant through the district's mains. It is true that the city will be the entity which will fluoridate appellant's water, but such fluoridation is not being done for the purpose of supplying fluoridated water to him or to other persons in his class. These persons are customers of the water district, *i.e.*, they buy water from the district, although that water has first passed through the city's water mains consistent with the provisions of the contract. The fact that appellant's water will contain fluoride is the inevitable result of the city's fluoridation program and the passage of the ordinance which implemented the program. In a very meaningful sense, the city is not exercising its police power for the purpose of fluoridating water which it will deliver to persons residing outside the city. Its purpose is to furnish fluoridated water to its own inhabitants.

██ To the extent that the trial court's finding of fact X determines a factual issue, we must accept it as correct, since there is substantial evidence to support it. To the extent that this finding also may be a mixed finding of fact and conclusion of law, we believe that it correctly states the legal effect of the ordinance. As stated above, the fluoridation of appellant's water is the incidental, although inevitable, result of the city's exercise of its police power in this respect.

Appellant does not claim that he is, in fact, harmed by this incidental result of the fluoridation. Furthermore, the trial court found that the fluoridation would not render the water unfit for human consumption according to the standards of the State of Washington Department of Health. This was one of the *stipulated* facts in this case.

Since, under the contract between the city and the water district, the latter is obligated to deliver to the former a good and wholesome quality of water, approved by the State Department of Health, and since the city further

agreed to permit the district's customers residing outside the city to receive water service from mains running through the city, it can only reasonably be inferred that the parties contemplated that appellant and other persons similarly situated were to receive the quality of water approved by the State Department of Health.

The trial court, having found on stipulation of the parties that fluoridation will not render the water unfit for human consumption according to health department standards, had no legal basis for holding that appellant will be harmed. *Kaul v. Chehalis,* 45 Wn.2d 616, 277 P.2d 352 (1954), and *Birnel v. Fircrest,* 53 Wn.2d 830, 335 P.2d 819, *appeal dismissed* 361 U.S. 10 (1959).

*Brown v. Cle Elum, supra,* relied on by appellant, does not support his position. In that case (which was twice argued before this court), it was held that a city ordinance purporting to make it unlawful for anyone to swim, fish, or boat on a certain lake situated in the National Forest Reservation, about 6 miles outside the city limits, was an invalid exercise of the city's police power. The facts in the present case, as stated above, make it readily distinguishable from the *Brown* case. The trial court's conclusion of law No. 1 is correct.

Respondent has argued, *inter alia,* that appellant has no standing to bring this suit. The trial court reached the merits and determined, in effect, that appellant was not harmed. Since we affirm on that ground, there is no need to discuss the standing issue.

The judgment of the trial court is hereby affirmed.

ROSELLINI, C. J., FINLEY and HAMILTON, JJ., and BARNETT, J. Pro Tem., concur.